# Exhibit no. 7
# Articles 140, 141, 208, and 209
# of the Lebanese Code of Obligations and Contracts

**Articles 140, 141, 208, and 209 of the Lebanese Code of Obligations and Contracts**

**Article 140:**

Anyone who, without a legitimate cause, has enriched himself at the expense of others, is liable to restitution.

**Article 141:**

The obligation of the enriched person towards the enricher arises, in this form and by virtue of this source, only if the following conditions are met:

1- An enrichment, direct or indirect, pecuniary or moral, must have taken place by the alleged enriched;

2- A correlative impoverishment must have been suffered by the enricher, due to the transfer of an asset or value made by him or a service rendered by him;

3- The enrichment that was realized and the corresponding impoverishment must be devoid of a legal cause that would justify them; and

4- The enricher must not have at his disposal, to obtain satisfaction, any action other than the action based on enrichment and which has, compared to all other legal grounds, a subsidiary character.

**Article 208:**

Fraud is never exclusive of consent; it vitiates it and entails the nullity of the contract when it has been decisive and has decided the victim to contract.

Incidental fraud, which, without having determined the formation of the contract, has modified its clauses, affords the victim no more than action for damages.

**Article 209:**

Decisive fraud entails the nullity of the contract to the extent that it has been committed by one of the parties to the detriment of the other; however, fraud by a third party is also decisive if the party who benefitted from it was aware of it when the contract was made, otherwise, it only entitles the victim to claim damages against the author.

# CODE
# DES OBLIGATIONS
# ET
# DES CONTRATS

## PREMIÈRE PARTIE

### DES OBLIGATIONS EN GÉNÉRAL

**Article Premier.** — L'obligation est un rapport juridique qui assigne à une ou plusieurs personnes, physiques ou morales, la position de débiteur vis-à-vis d'une ou de plusieurs autres qui jouent le rôle de créanciers.

CODE DES OBLIGATIONS ET DES CONTRATS - édition 2002                                                                     21

appropriée aux intérêts de la victime; elle intervient alors en nature; elle peut consister notamment dans des insertions par la voie de la presse.

Article 137. – Lorsque le dommage a été causé par plusieurs personnes la solidarité passive existe entre elles:
    1 – s'il y a eu communauté d'action;
    2 – s'il est impossible de déterminer la proportion dans laquelle chacune de ces personnes a contribué au dommage.



## CHAPITRE III  DES CLAUSES RELATIVES À LA RESPONSABILITÉ DÉLICTUELLE OU QUASI-DÉLICTUELLE

Article 138. – Nul ne peut se libérer totalement ou partiellement et au moyen d'une clause de non-responsabilité ou de responsabilité atténuée des conséquences de son dol ou de sa faute lourde. Toute clause insérée, à cet effet, dans un acte quelconque, est radicalement nulle.

Article 139. – Les clauses de non responsabilité ou les clauses forfaitaires sont valables dans la mesure où elles tendent à libérer le stipulant des conséquences de son fait ou de sa faute non-intentionnelle, mais seulement en ce qui concerne les dommages d'ordre matériel et à l'exclusion de ceux qui sont causés aux individus, la vie de l'homme et l'intégrité de sa personne étant placées au-dessus des conventions.

# TITRE III
# L'ENRICHISSEMENT ILLÉGITIME



## CHAPITRE I  PRINCIPES GÉNÉRAUX

Article 140. – Celui qui, sans cause légitime, s'est enrichi aux dépens d'autrui, est tenu à restitution.

Article 141. – L'obligation de l'enrichi envers l'enrichisseur n'existe, sous cette forme et en vertu de cette source, que si les conditions suivantes sont réunies:
    1 – Un enrichissement, direct ou indirect, pécuniaire ou moral, doit avoir été réalisé par le prétendu enrichi;
    2 – Un appauvrissement corrélatif doit avoir été subi par l'enrichisseur, à raison de la transmission d'un bien ou d'une valeur par lui effectuée ou d'un service par lui rendu;
    3 – L'enrichissement réalisé et l'appauvrissement correspondant doivent être dépourvus d'une cause juridique de nature à les justifier;
    4 – L'enrichisseur ne doit pas avoir à sa disposition, pour obtenir satisfaction, d'autre action que celle qui est fondée sur l'enrichissement et qui a, par rapport à tous autres moyens de droit, un caractère subsidiaire.

Article 142. – La restitution n'est due par l'enrichi que jusqu'à concurrence du montant de l'enrichissement qui subsiste à son profit au jour de la demande sauf disposition contraire dans la loi.

Il en va autrement cependant s'il était de mauvaise foi, lors de la réalisation de l'enrichissement dont il demeure alors comptable pour le tout, quels que soient les événements – perte, aliénation ou dégradation – qui surviennent par la suite; il sup-

### ▶ ▶ ▶ II - CAUSE DU CONTRAT

**Article 200.** – La cause du contrat réside dans le mobile individuel qui a incité la partie à le conclure et qui ne fait point partie intégrante de l'acte; elle varie d'espèce à espèce, pour une même catégorie de contrats.

**Article 201.** – Lorsque la cause du contrat est illicite, l'acte est radicalement nul.

### ▶ ▶ § 4 LES VICES DU CONSENTEMENT

**Article 202.** – Le consentement est vicié ou même parfois complètement exclu lorsqu'il a été donné par erreur, surpris par dol, extorqué par crainte, ou encore au cas de lésion anormale ou d'incapacité.

### ▶ ▶ ▶ I - DE L'ERREUR

**Article 203.** – Lorsque l'erreur porte sur la nature du contrat ou sur l'identité de l'objet d'une obligation, elle fait obstacle à la formation de l'acte qui est donc inexistant.

**Article 204.** – Le consentement est simplement vicié et le contrat est seulement annulable:
1 - lorsque l'erreur porte sur les qualités substantielles de la chose;
2 - lorsque, dans les contrats conclus en considération de la personne, elle porte, soit sur l'identité, soit sur les qualités essentielles de cette personne;
3 - lorsqu'elle porte sur l'efficacité de la cause d'une obligation (engagement souscrit à raison d'une obligation préexistante que l'on croyait être civile et qui était seulement naturelle).

**Article 205.** – L'erreur est indifférente à la validité du contrat lorsqu'elle n'est point déterminante et notamment lorsqu'elle porte:
1 – sur les qualités accidentelles ou secondaires de la chose ou de la personne;
2 – sur la valeur de la chose, sauf dans le cas de lésion anormale (art. 214);
3 – sur les simples motifs qui ont incité l'une des parties à contracter;
4 – sur des chiffres, sur un calcul: la rectification est alors de droit, mais le contrat demeure valable.

**Article 206.** – L'erreur de droit est prise en considération et vicie le consentement comme l'erreur de fait.

**Article 207.** – L'erreur sur les qualités substantielles de la chose ne produit son effet dirimant qu'autant qu'elle était commune aux deux parties et qu'elle avait pénétré dans la convention, mais l'erreur sur la personne est prise en considération dans le cas même où elle serait purement unilatérale.

### ▶ ▶ ▶ II - DU DOL

**Article 208.** – Le dol n'est jamais exclusif du consentement; il le vicie et entraîne la nullité du contrat lorsqu'il a été déterminant et a décidé la victime à contracter.
Le dol incident, qui, sans avoir déterminé la formation du contrat, en a modifié les clauses, ouvre seulement à la victime une action en dommages-intérêts.

**Article 209.** – Le dol déterminant n'entraîne la nullité du contrat qu'autant qu'il a été commis par l'une des parties au détriment de l'autre; toutefois, le dol pratiqué par un tiers est lui-même dirimant si la partie qui en bénéficie en avait connaissance lors de la formation du contrat; dans le cas contraire, il ne donne ouverture qu'à une action en dommages-intérêts, au profit de la victime et contre son auteur.