# Exhibit no. 9
# Articles 409, 410, and 411
# of the Lebanese Code of Commerce

**Articles 409, 410, and 411 of the Lebanese Code of Commerce**

**Article 409:**

The check contains:

1- The denomination of 'check' included in the text of the instrument itself and expressed in the language used for making the instrument;

2- The pure and simple order to pay a determined sum;

3- The name of the person who has to pay (drawee);

4- The place where payment is to be made;

5- The date and place where the check is made;

6- The signature of the person who issued the check (drawer).

**Article 410:**

The instrument in which one of the statements indicated in the preceding article is missing is not valid as a check, except in those cases as are determined in the following paragraphs.

In the absence of a special indication, the place designated beside the name of the drawee is deemed to be the place of payment. If several places are indicated beside the name of the drawee, the check is payable in the first place that is indicated.

In the absence of these indications or any other indication, the check is payable at the place where the drawee has his main establishment.

The check that has no indication of the place where it is made is considered as made at the place designated beside the name of the drawer.

**Article 411:**

The cheque may only be drawn on a banker who holds, at the time when the check is made, funds that are at the drawer's disposal in accordance with an express or implied agreement under which the drawer may dispose of such funds by issuing checks.

## مرسوم اشتراعي رقم ٣٠٤
صادر في ٢٤ كانون الأول سنة ١٩٤٢

### قانون التجارة البرية

معدل بموجب:

| | | |
|---|---|---|
| القانون | تاريخ | ١٩٤٤/٠٩/٣٠ |
| والقانون | تاريخ | ١٩٤٨/١١/٢٣ |
| والقانون | تاريخ | ١٩٥٧/٠٢/١٥ |
| والقانون رقم ٦٧/٣٠ | تاريخ | ١٩٦٧/٠٥/١٦ |
| والمرسوم الاشتراعي رقم ١١ | تاريخ | ١٩٦٧/٠٧/١١ |
| والمرسوم الاشتراعي رقم ٣٤ | تاريخ | ١٩٦٧/٠٨/٠٥ |
| والمرسوم الاشتراعي رقم ٣٥ | تاريخ | ١٩٦٧/٠٨/٠٥ |
| والمرسوم رقم ٩٧٩٨ | تاريخ | ١٩٦٨/٠٥/٠٤ |
| والمرسوم رقم ٩٨٠٠ | تاريخ | ١٩٦٨/٠٥/٠٤ |
| والمرسوم رقم ١٤٠٢٨ | تاريخ | ١٩٧٠/٠٣/١٦ |
| والمرسوم الاشتراعي رقم ٥٤ | تاريخ | ١٩٧٧/٠٦/١٦ |
| والمرسوم الاشتراعي رقم ٥٥ | تاريخ | ١٩٧٧/٠٦/٢١ |
| والمرسوم الاشتراعي رقم ٩٧ | تاريخ | ١٩٧٧/٠٦/٣٠ |
| والقانون رقم ٨١/١٤ | تاريخ | ١٩٨١/٠٧/١٥ |
| والقانون رقم ١٢٠ | تاريخ | ١٩٩٢/٠٣/٠٩ |
| والقانون رقم ٣٨٠ | تاريخ | ١٩٩٤/١١/٠٤ |
| والقانون المعجل رقم ٤٧ | تاريخ | ٢٠١٥/١١/٢٤ |
| والقانون رقم ١٢٦ | تاريخ | ٢٠١٩/٠٣/٢٩ (١) |

(١) أ- نص المقطع الثاني من المادة الوحيدة من القانون المذكور (تصديق اقتراح القانون) على العمل به بعد ثلاثة أشهر من تاريخ نشره في الجريدة الرسمية عدد ١٨ تاريخ ٢٠١٩/٤/١.

ب- الاسباب الموجبة للقانون رقم ١٢٦ تاريخ ٢٠١٩/٣/٢٩:

إن قانون التجارة البرية الصادر عشية الاستقلال (١٩٤٢/١٢/١٤) تضمن القواعد الأساسية التي ترعى الأعمال التجارية والتجار والشركات والسندات إلخ ... إلا أنه خضع لتعديلات هامة اقتضتها طبيعة التطورات الاقتصادية المتلاحقة طيلة أكثر من نصف قرن، فأدخل فيه قانون المؤسسة التجارية وقانون الشركات المحدودة المسؤولية (١٩٦٧) كما أضيف إليه قانون التمثيل التجاري (١٩٦٧ المعدل سنة ١٩٧٥) وقانون نظام الشركات القابضة وقانون نظام شركات الأوف شور (١٩٨٣) إلخ ... كما أن الأحكام المتعلقة بالشركات والسندات شهدت تعديلات متكررة نتيجة لتسارع التطورات الاقتصادية المنوه بها، وهو الأمر الذي أملى حاليا ضرورة وضع اقتراح القانون المرفق الذي انطلق من مشاريع عديدة سابقة رمت بدورها إلى تعديل قانون التجارة البرية، لا سيما منها مشروع القانون المحال إلى مجلس النواب بموجب المرسوم رقم ١٢٧٠ تاريخ ١٩٩٩/٩/١٠، هذا فضلا عن التعديلات التي اقترحتها لجنة الاقتصاد الوطني والتجارة والصناعة والتخطيط. وقد أخذ الاقتراح بالاعتبار أيضا ما تجلى بنتيجة التجربة والتطبيق الفعلي من ضرورات التعديل من

جهة وحسم بعض النقاط التي كانت مثار جدل من جهة أخرى، ومنها على سبيل المثال:

أولاً: في الشركات على وجه عام

- اعتبار الشركات التجارية على اختلاف أنواعها منحلة إذا قل عدد الشركاء عن العدد المفروض قانوناً، وذلك مع المحافظة على حقوق الغير، ومع وجوب إعلان الحل بحكم يصدر عن المحكمة المختصة التي يحق لها منح الشركة مهلة ستة أشهر على الأكثر لتصحيح وضعها (المادة ٤٢).

- تحديد الأساس القانوني لجنسية الشركات واعتبار الشركات المؤسسة في لبنان من الجنسية اللبنانية بالرغم من كل نص مخالف (المادة ٤٣).

- تحديد منطلق تاريخ اكتساب الشركة الشخصية المعنوية منعا للالتباس، وتكريس الاجتهاد الذاهب إلى اعتبار شخصية الشركة مستمرة في حال تعديل شكلها أو تمديد أجلها، وتبيان مسؤولية العاملين باسم الشركة قبل إنجاز عملية التأسيس (المادة ٤٥).

ثانياً: في الشركات المغفلة

- اعتبار الشركة المغفلة هي شركة يكون رأسمالها مقسما إلى أسهم، أي أسناد قابلة للتداول، وهي تعمل تحت اسم تجاري وتؤلف بين عدد من الأشخاص لا يقل عن ثلاثة يكتتبون بأسهم، ولا يكونون مسؤولين عن ديون الشركة إلا بقدر مقدماتهم. (المادة ٧٧)

- تشديد نص المادة ٧٨ بحيث أصبح يجب أن يكون ثلث رأسمال الشركات المغفلة التي يكون موضوعها استثمار مصلحة عامة أو مرفقا عاما أسهماً اسمية لمساهمين لبنانيين طبيعيين أو لشركات يتكون رأسمالها من حصص أو أسهم اسمية عائدة ملكيتها بالكامل لأشخاص لبنانيين ويحظر نظامها التفرغ عن الحصص أو الأسهم فيها إلا لأشخاص لبنانيين، واعتبار أن أي تفرغ عن هذه الأسهم بصورة مخالفة لأحكام الفقرة السابقة يكون باطلاً بطلاناً مطلقاً. (المادة ٧٨)

- تخفيف وسائل النشر والإعلان تجنباً لإرهاق الشركات، وفي المقابل ترتيب بعض النتائج القانونية بحق من يخالفون موجب النشر والإعلان (المادتان ١٠١ و١٠٢).

- ضبط مسألة إقدام الشركة على ترتيب حقوق أو منافع للمساهمين على موجوداتها، ومسألة شراء الشركة بعض أسهمها بالمال الاحتياطي الحر (المادة ١١٥).

- إضافة فصل جديد يتعلق بالأسهم التفضيلية (وضع بعد المادة ١٢١) بحيث يتضمن المواد: ١٢١ مكرر ١ إلى ١٢١ مكرر ١٢، وذلك للأسباب الآتية:

١ - تعتبر الأسهم التفضيلية نوعاً من أنواع التمويل الذي تلجأ إليه الشركات لتعزيز أموالها الخاصة. وهذا النوع من الأسهم معروف جدا على الصعيد العالمي وتم استعماله بنجاح في القطاع المصرفي اللبناني بعد صدور القانون رقم ٣٠٨ تاريخ ٢٠٠١/٤/٣ الذي أتاح للمصارف إصدار أسهم تفضيلية بشروط معينة مما سمح لها بالتوسع ويرفع نسبة ملاءتها انسجاماً مع المتطلبات الدولية.

٢ - يتمتع السهم التفضيلي بعدد من الخصائص: ←

٧٧٦

وزارة الاقتصاد والتجارة – قوانين التجارة والشركات التجارية ١٦٢٠١

تجديد السحب (المادة ٣٨١ و ٣٨٢)
الإيفاء بطريقة التدخل (المادة ٣٨٧ الى ٣٩١)
الصور (المادة ٣٩٥ و ٣٩٦)
التحريف (المادة ٣٩٧)
مرور الزمن (المادة ٣٩٨ و ٣٩٩)
أيام العطلة وحساب المهل ومنع اطالة المدة (المادة ٤٠٠ الى ٤٠٢).

**المادة ٤٠٦ - الأحكام الأخرى المطبقة على سند الأمر**

وتطبق ايضا على سند الامر الاحكام المختصة بسند السحب المستحق الاداء لدى شخص ثالث او في محل غير محل اقامة المسحوب عليه (المادة ٣١٧ والمادة ٣٤٢) والاحكام المختصة باشتراك الفائدة (المادة ٣١٨) وباختلاف النصوص المتعلقة بالقيمة الواجبة الاداء (المادة ٣١٩) والاحكام المختصة بنتائج توقيع الامضاء على الوجه المبين في المادة ٣٢٠ وبنتائج توقيع شخص لا يملك تفويضا او يتجاوز حدود تفويضه (المادة ٣٢١).

**المادة ٤٠٧ - الأحكام المختصة بالتكفل والمطبقة على سند الأمر**

وتطبق أيضا على سند الامر الاحكام المختصة بالتكفل (المادة ٣٤٥ والمادة ٣٤٧). وفي الحالة المعينة في الفقرة الاخيرة من المادة ٣٤٦ اذا لم يبين في التكفل الشخص الذي أعطي هذا التكفل لمصلحته فيعد معطى لمصلحة موقع سند الامر.

**المادة ٤٠٨ - موجبات موقع السند**

ان موقع سند الامر ملزم كالشخص الذي يقبل سند السحب.

وان اسناد الامر الواجبة الاداء في مهلة ما بعد الاطلاع (Payable à un certain délai de vue) يجب أن تعرض على موقعها للتصديق ضمن المهل المعينة في المادة ٣٣٨ وتبتدىء مهلة الاطلاع من تاريخ التصديق الموضوع على السند بامضاء الموقع واذا امتنع موقع السند عن وضع تصديق ذي تاريخ وجب اثبات هذا الامتناع بوثيقة احتجاج (المادة ٣٤٠) ويكون تاريخ الاحتجاج مبدأ لمهلة الاطلاع.

الباب الثالث
في الشك

الفصل الاول
انشاؤه وصيغته

**المادة ٤٠٩ - محتويات الشك**

يشتمل الشك:
١ – على ذكر كلمة «شك» مدرجة في نص السند نفسه باللغة المستعملة لكتابته.

٢ – والتوكيل المجرد عن كل قيد وشرط (Le mandat pur simple) بدفع مبلغ معين.
٣ – واسم الشخص الذي يجب عليه الدفع (المسحوب عليه) (Tiré)
٤ – وتعيين المحل الذي يجب ان يتم فيه الدفع.
٥ – وتعيين التاريخ والمحل اللذين انشىء فيهما الشك.
٦ – وتوقيع مصدر الشك (الساحب) (Tireur)

**المادة ٤١٠ - النقص في بعض مشتملات الشك**

ان السند الذي تنقص فيه احدى المشتملات المبينة في المادة السابقة لا يعد شكا الا في الاحوال المبينة في الفقرات التالية:

اذا لم يكن في السند تعيين خاص يعد المحل المذكور بجانب اسم المسحوب عليه محلا للدفع. واذا ذكرت عدة امكنة بجانب اسم المسحوب عليه فيكون الشك واجب الاداء في المحل المذكور اولا.

واذا لم تذكر هذه الايضاحات او غيرها يكون الشك واجب الدفع في محل مؤسسة المسحوب عليه الاصلية.

اما الشك الذي لم يذكر فيه محل انشائه فيعد منشئا في المحل المذكور بجانب اسم الساحب.

**المادة ٤١١ - المسحوب عليه الشك**

لا يمكن سحب الشك الا على صيرفي يكون لديه وقت انشاء السند اموال موضوعة تحت تصرف الساحب بناء على اتفاق صريح او ضمني يحق بموجبه للساحب ان يتصرف بهذه الاموال بطريقة اصدار الشك.

**المادة ٤١٢ - عدم خضوع الشك لشرط القبول**

لا يخضع الشك لشرط القبول (Le chèque ne peut être accepté) واذا كتبت على الشك عبارة تختص بالقبول فتعد لغوا.

على انه يجوز للمسحوب عليه ان يعلم على الشك فتكون نتيجة هذا الاعلام اثبات وجود المؤونة في تاريخ اصدار الشك.

**المادة ٤١٣ - سحب الشك لشخص معين او لحامله**

يجوز ان ينص في الشك على كونه قابلا للدفع:
- لشخص معين (A une personne dénommée) مع التصريح بكلمة «لامر» او بدونها.

© المنشورات الحقوقية صادر