# EXHIBIT

# 3

| Al CHERIF for Translation & Services | الشريف للترجمة والخدمات |
|---|---|
| *Sworn Translation – Legalization – Typing*<br>*Beirut – Sami El-Solh Street. Azar & Fakhoury Bld. –*<br><br>*Ground floor. Telefax: 01/398701 - Mobile: 03/816494*<br>*e.mail: fayezsharif@gmail.com* | ترجمة قانونية – مصادقات – طباعة<br>بيروت – سامي الصلح – مقابل وزارة العدل – بناية عازار وفاخوري – الطابق<br>الأرضي – تلفاكس: 01/398701 – خلوي: 03/816494<br>البريد الالكتروني: fayezsharif@gmail.com |

(Margin: No. 36/2020, Date: August 24, 2020, Basis No. 47/2020)
Document # 4

Award
In the Name of the Lebanese People

After verification, inspection, and deliberation,

It appeared that BYBLOS BANK S.A.L., through its representative, Mr. Ghassan Karam, Esq., filed on June 2, 2020, a cassation summons against Mrs. Marie Rizk appealing the ruling rendered by the Third Chamber of Beirut Appeal Court on May 21, 2020, pursuant to which was rejected the arrest/suspension request of the summary order rendered by the Judge in Chambers dealing with the matters of Urgency, by virtue of which the Appellant was enforced to transfer the amount of One Hundred Thirty Six Thousand Two Hundred and Thirty Seven US dollars (USD 136,237.00) from the account of the Respondent with the Bank to her account with First Abu Dhabi in Dubai; requesting that the cassation be accepted and approved in the form, and in the basis, that the ruling be contested, that an award be rendered for the arrest/suspension of the summary order rendered by the Judge in Chambers dealing with the matters of Urgency, and that the Respondent be bound by the expenses and damages.

The Appellant exposed the following reasons:

- First: the law contravention and the error in interpreting and implementing the provisions of Article 577 of the Code of Civil Proceedings, since the consequences of the implementation exceed the reasonable limits considering the circumstances of the case, and the grounds of appealing the ruling invoke its termination; since the enforcement of appealed order pursuant to which the Appellant was bound by executing the bank transfer abroad may cause non-compensable damages to the Bank in case the appealed order was terminated with lack of any guarantees that may prove that the Respondent will be able to return the transferred amount, with the absence of any right conferred upon her in such transfer, as explicitly provided in the account opening contract, entered by the Bank and the Respondent, and since discussing the nature of the relationship between the Parties constitutes a serious conflict which is out of the jurisdiction of the court dealing with the matters of urgency;



- Second: lack of legal ground, since the appealed ruling was based on non-productive facts and reasons, having no relation or impact on the conflict, that the factual grounds are not sufficient or unclear to assign the disputed legal remedy; and since the contested ruling does not clearly provide reasons and evidences on which it has been founded so that the Supreme Court could ensure its control on such reasons and evidences.

It appeared that the Respondent, Mrs. Marie Rizk, filed on June 24, 2020, through her representative Mr. Mohamad Ali El Tal, Esq., a first statement of defense asking that the cassation be rejected in the form, or otherwise, in the basis, that the appealed ruling be concluded with the Appellant be bound by all fees and damages. The Respondent stated that the reasons referred to in the Appellant's summons should be rejected in the lack of damages that may be incurred by the latter as result of the enforcement of the appealed ruling, and the transfer of the amount from her account with the Bank to her account in Dubai considering that the amount to be transferred is her own money and to the Bank's money; that the Appeal Court verified the appeal plea, the proceedings papers and documents, based on which it was decided to reject the petition of arrest/suspension with detailed and justified causes and evidences; and thus, its contested ruling does not lack of legal ground.

It appeared that the representative of the Appellant, Mr. Ghassan Karam, Esq., was notified the trial Minutes on June 26, 2020 with the statement of the Respondent, and asked that its content be rejected and that the case be determined upon its merits.

Therefore,

FIRST: IN THE FORM

WHEREAS it appears in the original file that the Appellant has been informed the contested ruling on May 28, 2020, therefore, the cassation summons filed on June 2, 2020, is submitted within the legal term, and fulfills all the legal terms and conditions. Consequently, it is approved in the form.

SECOND: IN THE PURPOSE

The second reason for the cassation: lack of legal ground:

WHEREAS the Appellant claims that the contested ruling lacks of legal ground being based on unconvincing reasons and facts which have no relation or impact on the conflict; that the factual grounds are not sufficient or unclear to assign the disputed legal remedy, and do not clearly provide the reasons and evidences upon which the ruling was founded. The Appellant

stated that there is no relation between the cash counter service which should be provided by the Bank, as confirmed, and the bank transfer operation which is not included in the cash counter service; and that the contested ruling does not state the nature of legislations and rules invoked and does not specify the legal rules of its implementation;

WHEREAS the Respondent states in her response that the Appeal Court did verify the appeal plea, the proceedings papers and documents, based on which it was decided to reject the petition of arrest/suspension with detailed and justified causes and evidences; and thus, its contested ruling does not lack of legal ground;

WHEREAS the Appeal Court, in its understanding of the appeal reasons provided, did solely refer to the fact that the Appellant does consider itself bound towards the Respondent solely by the cash counter service, without providing any evidence that it is really and effectively providing this service. Moreover, the Appellant did not deny the fact that the bank cheque drawn on the BDL cannot be collected in cash under the current legislations and rules governing the dealing between the Lebanese banks and their customers. The Appeal Court did not consider the remaining appeal reasons provided and related to the nature of the contractual relationship between the Parties, and the contractual obligations resulting therefrom and related to the bank's obligation to transfer the amount of the deposit in whole or in part abroad under the provisions of the law and mutual obligations set forth in the contract. The Appeal Court did not also consider the determination of the bank transfer concept and its legal nature. The contested ruling does not include the real or clear reasons for the legal remedy, and therefore, it lacks legal ground and should be contested for this reason with no need to consider the remaining causes mentioned in the first reason of cassation;

WHEREAS the case could be adjudicated directly in the appeal degree;

From the appeal trial:

WHEREAS the Appellant bank requests the arrest/suspension of the appealed order for the reasons and evidences provided in the appeal, in particular what is related to the jurisdiction of the Judge in Chambers dealing with the matters of Urgency, in the light of the conflict related to the contractual relationship nature between both Parties, pursuant to the account opening contract executed and entered between them and the mutual obligations included therein;

WHEREAS the Respondent claimed in the Appeal real, legal and serious reasons about the relationship nature among the Parties and the contractual obligations resulting therefrom, as for the Appellant Bank's obligation to transfer the amount of the deposit, or part thereof,

abroad, under the provisions of the laws and mutual obligations set forth in the contract, and the determination of the bank transfer concept and its legal nature, invoking a serious conflict in its implementation among the litigant parties; which therefore requires that the Appellant's rights for such purpose be maintained and reserved pursuant to the provisions of Article 577 of the Code of Civil Proceedings and that the appealed order be suspended/arrested until deciding on the appeals;

For all these reasons,

The Court of Cassation, Fifth Chamber, formed of President Michel Tarazi, and Assessors, Youssef Yassine and Jihane Aoun, hereby decide by consent based on the report:

First:
To accept and approve the Cassation in the form and purpose, and contest the contested ruling, to return the guarantee paid for the cassation to the Appellant, and to decide that all expenses incurred in the cassation be borne by the Respondent.

Second:
In the appeal degree: suspend/arrest the appealed order pursuant to the provisions of Article 577 of the Code of Civil Proceedings until deciding on the appeals.

(two lines scratched off)

Award rendered in Beirut on August 24, 2020.

| Jihane Aoun | Youssef Yassine | President (Tarazi) |
| Assessor | Assessor | |
| (Signature) | (Signature) | (Signature) |

True Translation of the attached Arabic Text



باسم الله الرحمن الرحيم

إن محكمة التمييز الغرفة التجارية المدنية من الريف يخشى أهزاب لاستعراض

يوسف ماسينة مبيرى تعرف

بعد الإطلاع ولدن، ولتدقيق ملف اكرى.

تبين أن بذلك ميلوس شدم . م . ل . تقدم تاريخ

بواسطة وكيله المحامي اعترضت د. غان كرم باستعلام يتني ضد

ما دى نزف معظما في القرار الصادر عن الغرفة الثالثة لمحكمة استناف بيت ت

تباين اجراءاته الذي تقرر برد طلب وقف تنفيذ الحكم الصادر بحقه نافي

الأمر المستعجلة المتضمن إلزام المميز تجويز مبلغ مائة وتسعة وثلاثون ألفاً

ومائتين وسبعة وتلاثون دولاراً أمريكياً عن حساب المميز ضدها لديه لكا

هابر في نطاقه nba Dhabi بمائة ز دبي. وليطب تبول المميز شكوى مع الشكم

نقض القرار المميز والحكم بوقف تنفيذ الحكم الصادر عن قاضي الأمور المستعجلة

وتغريم المميز ضدها النفقات والعطل والضرر.

وأدلى بالسبب التمييز المنبعة التالية:

- السبب الأول: مخالفة القانون والخطأ في تفسير وتطبيق المادة

لأن النتائج التي استخلصت على التشهير تجاوز الصادر المعقولة بالنظر دات

ظروف القضية وما في غياب المطعن في الحكم بيرقم أن غري من مس

تنفيذ الحكم المستأنف المتضمن إلزام المميز باجراء قبول معرف للخارج

لبنان من شأنه أن يعرضه لضرر غير قابل للتعويض في حال فسخ الحكم لاحقاً

في جميع من مدير أين هذا ناقشة شهرة المميز ضدها على لكاف الحال للكارى

قديلا. ولت وقف المميز ضدها بالقبول قد موجد أحطر كانت من ظاهر

عند نزع المالء الكرتى معار، ولدا البت في طبيعة العلاقة بين الطرفين

يشكل دماغاً هذا يدير عن انقضبت قضاء العلت.

- السبب الثاني: مخالفة الوسائط الثابتة. لأن القرار المميز فد اتنتد

ذلك منافع وغيبابا بد فلنه فسم ودبي أن علاقة أمر تأثير في النزاع، وأن

شيابه الواقعية ند كافية أمر غير واضحة يسناد الى القانون المقررة،

ولما القرار المميز لم ينين بشكل وافي الأسباب والعلل التي ارتكز علي

وتلزم المحكمة العليا ما دمره رقابها على هذه الشباب والعلل

ويتبين أن المميز ضدها ماري نزفت فدمت تبارى أركبه نشرى واسطة

وكيله المحامي محمد على التل لائحة جوابية أولى لبت بها القرار المميز شكلا

وذلك لمساس مطالبهم القرار المميز وتعيين المميز الرسوم والحمل والكفل.

فأولت بوجوبه رد البنك المتنازع عليه لا يعدو أن ضرر قد لحق بالمميز في حال جرى تجميد الحكم المختلف المطعن وكذلك بمبلغ مالي من مباشر لديه الى مباشرة مؤرخ المبلغ المطلوب توليه بعدو لدى مرليه بمطعن المميز. ولان محكمة الاستئناف اطلقت على الاختبار الاستئنافي بكل أوراق الدعوى ومستنطق مقدمات لها رد طلب وتعيين التمييد بشكل معلل ومفصل، فلا تكون أنعقدت شرعها المميز الرئيس القانوني.

وبقى أن دليل المميز المالي مطالب كرم قد شفع على قصر المملكة بارض الحكم عرية المميز بحقها وطلب رد ما جاء مينار والبت بالدعوى.

بناء عليه ـ

<u>أولا: في الشكل</u>

حيث نسبت في الملف الاثنائي أن المميز قد شفع القرار المميز بارخ وكونه، فكرة استدعاء البينار الوارد بارخ عرض جميعه مرد طبعا أجلا الكافية، وفقد هام مستوفيا بجميع الشروط القانونية فيتعين قبوله شكلا.

<u>ثانيا: في الموضوع</u>

ـ عن السبب التمييز الثاني: فقدان الأسباب المطلوب.

حيث أن المميز ينعي على القرار المميز فقدانه الأسباب القانوني، لكونه استند إلى وقائع وأسباب غير منتجة ودون أي علاقة أو تأثير بالنزاع، وأن أسبابه الدفعية غير كافية أو غير واضحة بإسناد الكل القانوني المقرر منه، ولا يبين بنخل وأخر الأسباب لعل إلى أركان علل، أم تقوم أقل علاقة بين عزيمة الصندوق مثبوت تأثيرها أم قبل المصرف. بعلل التحويل لعجز التي لا تدفع فهن عزيمة الصندوق. وأن القرار المميز لم ينفن ماهية التشريعات والاتفاقيات إلى أشار إليها ام كيدر القواعد القانونية في تطبيقها.

وحيث أنه المميز منها تقل رد على هذا السبب بأن ليس بأن بكرم، والاستئناف اطلقت على الاستحكام الاستئنافي وعلى أوراق الدعوى ومستند شرى مقدمات لها رد طلب وبعث التمييز، فلا تكون أنعقدت شرعها المين المرئاس القانوني؟

وحيث أن محكمة الاستئناف، إذ في الواقعة في معرض بالأسباب الاستئنافية المثارة بالاشارة تقطع إلى أن المشتكى المميز ـ لا يعشر نفسه ملزما تجاه المختلف صفحاتها المميز صفحها يوجب بسبب تأثيرها فروعه الصندوق وعدم تعريضه الديار على تأثيره هذه الأزمة بصور وفعالة وعلاقة

