# EXHIBIT

# 4

| *Al CHERIF for Translation & Services* | الشريف للترجمة والخدمات |
|---|---|
| *Sworn Translation – Legalization – Typing*<br>*Beirut – Sami El-Solh Street. Azar & Fakhoury Bld. –*<br><br>*Ground floor. Telefax: 01/398701 - Mobile: 03/816494*<br>*e.mail: fayezsharif@gmail.com* | ترجمة قانونية – مصادقات – طباعة<br>بيروت – سامي الصلح – مقابل وزارة العدل – بناية عازار وفاخوري – الطابق<br>الأرضي – تلفاكس: 01/398701 – خليوي: 03/816494<br>البريد الالكتروني: fayezsharif@gmail.com |

(Margin: Basis # 200/2020, Summary Order # 122/2020)

Summary Order
In the Name of the Lebanese People

AFTER VERIFICATION of the case papers and documents; and

UPON INSPECTION,

It appeared that the Plaintiff, MOHAMAD MUSTAPHA AYOUB, represented by his representative attorney, Mr. Georges Vicken Patanian, Esq., filed a petition before the present Court on September 9, 2020, against the Defendant, BYBLOS BANK, Chiah Branch, in the facts section of which he stated what could be summarized as follows:

THAT he owns a credit bank account opened in USD with the Defendant Bank under A/C # 5854001120008, that his daughter, Joanna Mohamad Ayoub, was admitted to KU Leuven in Belgium; that in his capacity as legal custodian of the his daughter, he requested the Defendant to make the transfer of € 6,010.00 (Six Thousand Ten Euros) being the university tuitions due to paid to the aforementioned University, which conferred upon his daughter a deadline for the payment of the tuition ending on September 15, 2010 under penalty of losing the right to be admitted therein, and being bound by fines for each day of delay in paying; he also requested the monthly transfer of the amount of € 431.00 (Four Hundred & Thirty One Euros) representing the monthly rental for the accommodation of his daughter in a student housing complex leased by his daughter to be able to follow up her studies; that although the multiple oral recourses, he didn't get any response from the Defendant; that on September 3, 2020, he sent a written letter claiming the transfer of his daughter's university tuitions and the monthly amount to cover the rentals, within forty eight (48) hours as from his letter, despite, the Defendant did nothing although the deadline was expired; that



following the Bank's behavior, he had filed the current case before the present Court, being the Court under jurisdiction to take the urgent measures needed to avoid any imminent or probable damages on the funds and rights; and to avoid any damages that his daughter may incur and that may jeopardize her academic and vocational future, based on the provisions of Articles 579 and 589 of the Code of Civil Proceedings; stating that it is uncontested that the Defendant's refusal to make the transfer for his daughter's university tuitions payment incurs her with imminent damages for which she may lose her academic year; which is to be considered as urgency matter to justify the Court's intervention;

The Plaintiff asked in the conclusion that the term be reduced from hour to hour, or otherwise, from day to day, considering the accuracy of the purpose and since it is related to his daughter's future, and to prevent that she may lose her academic year. The Plaintiff requested that an order be rendered executable on its original pursuant to the provisions of Articles 579 and 589 of the Civil Proceedings Code, that the Defendant be bound, within a term ending on September 15, 2020, under penalty of coercive fine of Ten Million Lebanese Pounds for each delay day, by the transfer of the university tuitions of his daughter of € 6,010.00 (Six Thousand & Ten Euros) from his account opened with the Bank under # 5854001120008 to the KU Leuven University's bank account, stating the university account's details; and that the Defendant be bound, as well under coercive penalty of Ten Million Lebanese Pounds for each delay day, by the transfer of monthly transfers for the rentals of € 431.00 (Four Hundred & Thirty One Euros) monthly from his same account to his daughter's account, Joanna Mohamad Ayoub, to be opened in Belgium, being all taxes and expenses be borne by the Defendant Bank.

It appeared that the Court decided on September 10, 2020, that the deadlines be reduced considering the nature of the proceedings, and the Defendant has been informed with a petition of the proceedings and its appendices, requesting that the Defendant submits its response within twenty four hours as from the notice date, with a copy of the account opening contract regulating its relation with the Plaintiff.



It appeared that the Defendant Byblos Bank S.A.L. filed on September 11, 2020, through its representative, Mr. Ghassan Karam, Esq., a first statement of defense pursuant to which it submitted a copy of the terms and conditions of the account opening and managing contract regulating the relationship between the Bank and the Plaintiff.

In its statement, the Defendant claimed the lack of jurisdiction since that it is known that the measures the Judge in Matters dealing with the matters of urgency may take pursuant to the provisions of Article 579 or Article 589 of the Code of Civil Proceedings, cannot be invoked unless they are of provisional and precautionary nature, and not final, definitive or restrictive to the basis court, and may not aim at determining the litigants' status definitively as from the right origin, however such measures should be provisional and temporary, referring in this context to some doctrine. The Defendant stated that the order the Plaintiff is requesting is a permanent and definitive measure which may jeopardize the origin of the right and may terminate the conflict, depriving the Defendant from the defense it may have before the basis Court. The Defendant added that such measure can only be taken in urgent and imminent threat situation, under an obvious and uncontested abuse, or otherwise it is illegitimate and contravenes the law, in the absence of any serious conflict or infringement of the right origin. Such conditions are not met in the present case in the light of the contractual relationship between the Defendant and the Plaintiff, which is a bank relation pursuant to the provisions of Article 123 of the Code of Money and Credit, read together with Article 307 of the Code of Commerce, pursuant to the provisions of the contract which regulates and governs the relationship among the Parties, which did not provide any obligation enforcing the Bank to make the transfer operation required by force, whenever the Bank refuses. The Defendant added that, under the current circumstances in the country and the impossibility to make transfers abroad for the reasons known to everyone in the country, depositors have withdrawn their funds and deposits with the banks. The Defendant suggested to pay to the Plaintiff the required amount by a bank cheque drawn on the BDL to avoid any conflict, however, the Plaintiff refused and insisted on the transfer, following which the Plaintiff filed this case to enforce the Bank to make the transfer, although such matter is not included in the jurisdiction of the present Court, founding its reasons of



some doctrine and jurisprudence, requesting that the proceedings be rejected for incompetency and lack of jurisdiction, in the absence of urgency, damages, or claimed abuse, and since the terms and conditions of Articles 579 and 589 of the Civil Proceedings are not met. The Defendant claimed also that the discussion of the Plaintiff's statements includes an obvious and explicit exposure to the right origin, stating the non-authenticity and illegality since Article 123 of the Code of Money and Credit stipulates that the deposits should be governed by the provisions of Article 307 of the Code of Commerce, pursuant to which the Bank is solely bound by returning the amount without being enforced to carry out any bank operation it refuses to make. Moreover, the Defendant referred to Article 704 of the Code of Obligations & Contracts which states that the deposit under trust should be returned at the place of its deposit, unless otherwise stated, that the Plaintiff's account is opened with Chiah Branch, and the Plaintiff cannot enforce the bank to return any amount in the deposit out of the place of its deposit, nor to make any transfer outside the Lebanese territories, since the bank is not bound by such service. Therefore, the Plaintiff's claims should be rejected and neglected for being inconsistent with the provisions of the contract which governs the relationship between the Parties, the Provisions of Article 123 of the Code of Money and Credit, Article 307 of the Code of Commerce, and Article 704 of the Code of Obligations & Contracts. The Defendant insured that it had never refrained to any obligation towards its customers, however, similarly to other banks in Lebanon, it is forced to refuse the transfer, to maintain the reserve funds in foreign currencies, and to ensure the interest of all its customers, avoiding such money could be smuggled abroad, based on the circulars of BDL. The Defendant also stated that the documents provided by the Plaintiff have no effect as for the bank pursuant to the relative impact of contracts provided for in Article 225 of the Code of Obligations & Contracts, although, in case the Court considers any evidence of its validity or intervention, the bank has no objection as to pay to the Plaintiff pursuant to a bank cheque drawn on BDL, under penalty of the latter being bound by the levies of refusing the payment suggested above pursuant to the provisions of Articles 290 and 294 Code of Obligations & Contracts, and 822 of the Civil Proceedings Code, in particular since the cheque is to be considered a means of payment discharging the bank of its obligations, referred in this context to some jurisprudences and doctrine. The Defendant stated that he may pay to the Plaintiff



either by bank cheque drawn on the BDL or to deposit the same amount by bank cheque before the Notary Public or with the competent Court counter, therefore, the Plaintiff's insistence as for the transfer, refusing any means of payment suggested, shall be considered illegal, and this, the present proceedings are to be rejected for illegality and non-authenticity being inconsistent with the provisions of Articles 225, 290, 294 Code of Obligations & Contracts, and 822 of the Civil Proceedings Code. Otherwise, the Defendant stated that the documents, provided by the Plaintiff, prove that the enrollment of his daughter in KU Leuven University was made on August 25, 2020 for the academic year 2020/2021, and that the lease contract is effective as from September 16, 2020 till September 15, 2021, while pursuant to the circulars of BDL concerning the transfers to Lebanese students abroad, in particular the basic circular # 153 of August 19, 2020, the student should have been enrolled in the education institution and residing abroad before the end of 2019, so that the transfer could be made, or at least that such transfers were used to be made for the payment of such expenses in the previous years, which fact is not met in the case of the Plaintiff's daughter, and therefore, the Plaintiff's claims are to be rejected and neglected for such ground.

The Defendant concluded that the Plaintiff be bound by providing the original of the documents attached to the proceedings' petition or at least to provide a true copy thereof issued by the issuing authority, and in all cases, to translate the same into Arabic, before discussing the same in public pursuant to the legal forms. The Defendant asked that the present proceedings be rejected since the Court has no jurisdiction to consider the claims referred therein, and since the terms and conditions set forth in Articles 579 and 589 of the Code of Civil Proceedings are not met, which means a lack of urgency, and claimed damages and abuse, since the requested measure includes an obvious and explicit abuse of the right origin; and in all cases that the proceedings and the Plaintiff's claims and demands be rejected for illegality and non-authenticity based on the grounds above, under violation of the provisions, the terms, and the conditions of the contract governing the relationship between the Parties, Article 123 of the Code of Money and Credit, Article 307 of the Code of Commerce, and Articles 225 and 704 of the Code of Obligations & Contracts; and otherwise, that the proceedings be rejected since BDL circulars cannot be applied in such case, in

particular Circular # 153 dated August 19, 2020, although, in case the Court considers any evidence of its validity or intervention, the bank keeps and maintains its right to pay the amount the Plaintiff is requesting by bank cheque drawn on the BDL or to deposit the same amount by bank cheque before the Notary Public or with the competent Court counter, being therefore, discharge of any obligation towards the Plaintiff pursuant to the provisions of Articles 209 and 294 of the Code of Obligations & Contracts and 822 of the Civil Proceedings Code, that the Plaintiff be bound by all fees and expenses, without prejudice to the Bank's right to claim the Plaintiff for damages pursuant to the provisions of Articles 10 and 11 of the Civil Proceedings Code, in case the latter keeps on its positions, abusing the right to claim; and

It appeared that during the trial hearing session held on September 14, 2020, both Parties reiterated their claims, and the trial was duly closed and adjourned;

THEREFORE,

WHEREAS the Plaintiff is requesting in the conclusion of the present proceedings that an order be rendered executable on its original pursuant to the provisions of Articles 579 and 589 of the Civil Proceedings Code, that the Defendant be bound, within a term ending on September 15, 2020, under penalty of coercive fine of Ten Million Lebanese Pounds for each delay day, by the transfer of the university tuitions of his daughter of € 6,010.00 (Six Thousand & Ten Euros) from his account opened with the Bank under # 5854001120008 to the KU Leuven University's bank account, stating the university account's details; and that the Defendant be bound, as well under coercive penalty of Ten Million Lebanese Pounds for each delay day, by the transfer of monthly transfers for the rentals of € 431.00 (Four Hundred & Thirty One Euros) monthly from his same account to his daughter's account, Joanna Mohamad Ayoub, to be opened in Belgium, being all taxes and expenses be borne by the Defendant Bank;

WHEREAS the Defendant declared that the Plaintiff be bound by providing the original of the documents attached to the proceedings' petition or at least to provide a true copy thereof issued by the issuing authority, and in all cases, to translate the same

into Arabic, before discussing the same in public pursuant to the legal forms. The Defendant asked that the present proceedings be rejected since the Court has no jurisdiction to consider the claims referred therein, and since the terms and conditions set forth in Articles 579 and 589 of the Code of Civil Proceedings are not met, which means a lack of urgency, and claimed damages and abuse, since the requested measure includes an obvious and explicit abuse of the right origin; and in all cases that the proceedings and the Plaintiff's claims and demands be rejected for illegality and non-authenticity based on the grounds above, under violation of the provisions, the terms, and the conditions of the contract governing the relationship between the Parties, Article 123 of the Code of Money and Credit, Article 307 of the Code of Commerce, and Articles 225 and 704 of the Code of Obligations & Contracts; and otherwise, that the proceedings be rejected since BDL circulars cannot be applied in such case, in particular Circular # 153 dated August 19, 2020, although, in case the Court considers any evidence of its validity or intervention, the bank keeps and maintains its right to pay the amount the Plaintiff is requesting by bank cheque drawn on the BDL or to deposit the same amount by bank cheque before the Notary Public or with the competent Court counter, being therefore, discharge of any obligation towards the Plaintiff pursuant to the provisions of Articles 209 and 294 of the Code of Obligations & Contracts and 822 of the Civil Proceedings Code, that the Plaintiff be bound by all fees and expenses, without prejudice to the Bank's right to claim the Plaintiff for damages pursuant to the provisions of Articles 10 and 11 of the Civil Proceedings Code, in case the latter keeps on its positions, abusing the right to claim;

WHEREAS the Plaintiff claimed that Defendant's refusal to make the transfer for his daughter's university tuitions payment incurs her with imminent damages for which she may lose her academic year; which is to be considered as urgency matter to justify the Court's intervention, based on the provisions of Articles 579 and 589 of the Code of Civil Proceedings;

WHEREAS the Defendant stated that the terms and conditions for the jurisdiction of the Judge dealing in matters of urgency are not met, i.e. the urgent and imminent threat situation, under an obvious and uncontested abuse, or otherwise it is illegitimate and contravenes the law, in the absence of any serious conflict or infringement of the

right origin. Such conditions are not met in the present case in the light of the contractual relationship between the Defendant and the Plaintiff, which is a bank relation pursuant to the provisions of Article 123 of the Code of Money and Credit, read together with Article 307 of the Code of Commerce, pursuant to the provisions of the contract which regulates and governs the relationship among the Parties, which did not provide any obligation enforcing the Bank to make the transfer operation required by force, whenever the Bank refuses, in particular under the current circumstances in the country and the difficulties entailing the transfers abroad which are known to everyone in the country;

WHEREAS Section 1 of Article 579 of the Code of Civil Proceedings states as follows:

"The Judge sitting alone, being the Judge sitting in chambers to deal with matters of urgency, may consider the petitions of taking emergency measures in the civil and commercial matters, without referring to the origin of the right, maintaining the specific powers vested in the President of the Executive Department";

WHEREAS, pursuant to the provisions of Section 1 Article 579 of the Code of Civil Proceedings, the main condition for the competency of the Judge sitting in chambers to deal with matters of urgency is the fulfillment of the emergency factor which justifies the recourse to the Judge sitting in chambers to deal with matters of urgency, under the provision of the utmost emergency and necessity, being impossible therefore to wait for the regular trial measures to decide in the matter, considering the notices and discussions to be made, jeopardizing therefore the interests of the claiming persons which are subject to an eminent danger, and may incur non-recovered damages;

WHEREAS the urgency emerges from the nature of right to be protected and the circumstances that impose the threat, and that the Judge sitting in chambers to deal with matters of urgency shall be competent to appraise its existence in the matter referred before its competency, pursuant to objective and subjective standard, since it is based on the case nature and the right to be maintained and protected, and the current circumstances, and not the



litigants' will, their personal situations or their desire to obtain an immediate and urgent order for their claims;

WHEREAS it is concluded from the above that the person willing and deliberately put himself under circumstances that could be considered as urgent and emergency need which may jeopardize his interest, and may invoke the emergency situation justifying the intervention of the Judge dealing with matters of urgency to take an immediate and urgent measure as requested to avoid the danger, and secure his rights and interests;

WHEREAS pursuant to the present proceedings, based on the documents provided by the Plaintiff and attached to the proceedings' petition, the Plaintiff's daughter, Joanna, applied to follow up her studies in KU Leuven University in Belgium for the academic year 2020/2021, and her application was approved on August 25, 2020, provided that the tuitions of € 6,010.00 (Six Thousand Ten US Dollars) be paid at the latest by September 15, 2020;

WHEREAS it is known that Lebanon is facing since a year a delicate and difficult financial situation, and that the banks are refusing since at least the end of last year from making financial transfers abroad, to maintain the reserve funds in foreign currencies, and to ensure the interest of all its customers, avoiding such money could be smuggled abroad;

WHEREAS the BDL issued several decisions and circulars on such purpose, the last of which was the basic resolution # 13257 dated August 19, 2020, pursuant to which banks were asked to make transfers abroad from their customer's current accounts in foreign currency to secure the payment of tuition fees and rentals, under the condition that the student be enrolled in the education institution and residing abroad before 2019, or at least that such transfers were used to be made for the payment of such expenses in the previous years, which fact is not met in the case of the Plaintiff's daughter who had not travelled to Belgium and is not studying there since before 2019, however, she will start following up her education studies abroad for the academic year 2020/2021 and is planning to rent an accommodation, i.e. she filed her applicable to be admitted in KU Leuven university in Belgium although she knew the difficulty to make the financial transfer abroad, therefore, the urgency cannot be invoked in this case since she deliberately and willingly put herself under the urgency situation;

WHEREAS in addition to the above, the provisions of Section 1 Article 579 of the Code of Civil Proceedings, require another condition to be met, consisting that the right origin should not be compensated and that the provisional measure to be taken by the Judge dealing with the matters of urgency should not have any impact on the Parties' rights whenever the conflict between them is to be considered before the basic Court;

WHEREAS moreover, pursuant to Article 579 Civil Proceedings Code, the judge dealing with the matter or the judge dealing in matters of urgency may take, upon request of any party, precautionary and provisional measures, to maintain the rights and avoid damages, provided that the measures and decisions taken by the Judge dealing with the matters of urgency, based on the abovementioned provisions, be provisional and precautionary, however, such measures cannot be taken unless in the matters of utmost urgency or imminent danger or necessity, or other situations to avoid the exacerbation of the damages, and when the Plaintiff, incurring the damages, has no other choice than asking for such exceptional measure, which is not provided in the current proceedings;

WHEREAS the Plaintiff's claims of transferring the university tuitions abroad and other monthly fees to be transferred for the rentals, are not of provisional and precautionary nature, in particular, since he is planning to transfer part of his funds abroad definitely, which may change the nature of his banking account with the Defendant irrevocably;

WHEREAS pursuant to Section 2 of Article 579 Code of Civil Proceedings, the Judge in Chambers dealing with matters of Urgency is conferred the authority and power to take the measures to remove the obvious abuse and infringement of legitimate rights and circumstances;

WHEREAS Section 2 of said Article requires, for the intervention of the Judge dealing with the matters in Urgency, the existence of an illegitimate act or abstention which constitutes an obvious and evidenced abuse of the Claimant's legitimate rights;



WHEREAS the abuse referred to in the Article above is the obvious and clear abuse, absolutely with no doubt or ambiguity, with lack of conflict about its obviousness, which is in fact an act or an abstention to an act made by a person out of his legitimate rights, causing damages to third parties, i.e. the usurping or illegitimate act which inflicts the lack of any serious conflict about its existence or obviousness; noting that the abuse does not invoke the existence of damages since it inevitably includes damages caused to the claimant person with no need to prove such damages; therefore, the Defendant's claims for such purpose are to be rejected since it is proved that the Plaintiff's daughter would incur damages following the Defendant's abstention to make the required transfer;

WHEREAS for the Judge dealing with the matters of Urgency be competent, the abuse to be removed should be clear, obvious and serious, on prima facie basis, based on the file information and data, in other words, the abuse shall be obvious and unequivocal, with no serious doubt, i.e. the clear and imminent abuse which is considered as violation of the law, noting the obviousness should be provided in the abused right and in the abuse to be removed as provided in the above Article;

WHEREAS however it is known that the conflict about the origin of the right does not constitute an obstruction precluding the intervention of the Court dealing in the matters of urgency pursuant to Section 2 of Article 579 of the Civil Proceedings Code, to take the measures for the obvious abuse removal, to maintain the existing circumstances, and to recover the situation to its original phase, although, the Judge dealing in matters of Urgency should verify the existence of the abuse and its obviousness as sole condition for his intervention, pursuant to the above-mentioned Section, with no need to discuss the fulfillment of the general terms and conditions provided in the provisions of Section 1 of the same Article, in particular the urgency and the non-prejudice to the right origin, since the obvious abuse implies the fulfillment of urgency and non-prejudice to the right origin, i.e. the Judge dealing with the matters of Urgency has to conclude the obviousness of the abuse from the facts and documents provided in the file, although it appears that it is ambiguous or doubtful, or it is subject to a serious conflict about its existence or non-existence, and therefore, it should not discuss the conflict;

WHEREAS in the present case, it is confirmed in the proceedings documents and file data that the relation among the Parties is contractual based on the letter "terms and conditions of bank account opening and managing" issued by the Defendant Bank, registered with the Notary Public, of which a copy is provided with the Defendant's statement dated September 11, 2020, regulating the relationship between the Plaintiff and the Defendant, with the Parties' rights and obligations, stating as well the applicable laws;

WHEREAS pursuant to the letter governing the relationship between the Plaintiff and the Defendant, there is no obligation compelling and enforcing the bank to make the required transfer by force, if it refuses to make it;

WHEREAS pursuant to Article 123 of the Code of Money and Credit:

"Deposits are governed by the provisions of Article 307 of the Code of Commerce";

WHEREAS Article 307 of the Code of Commerce stipulates the following:

"The bank receiving under deposit and trust an amount of money shall become the owner of the money, and may return its value in an equivalent value in one or more payments, upon the depositor's request or pursuant to the terms and conditions or provided a previous announcement as in the Contract";

WHEREAS pursuant to the provisions of Article 307 of the Code of Commerce, referred to in Article 123 of the Code of Money and Credit, the bank shall become the owner of the deposit, after receiving it under trust, and may return it by an equivalent value pursuant to the terms and conditions of the contract;

WHEREAS Article 704 of the Code of Obligations & Contracts provides that "the deposit should be returned in the place of the deposit, unless otherwise stated";



WHEREAS pursuant to the file data and information, and the Plaintiff's claims, the account is opened with the Defendant Bank, Chiah Branch;

WHEREAs the letter governing the relationship between the Plaintiff and the Defendant does not include any provision pursuant to which the bank shall be bound by returning the deposited amount in another place, in particular the transfer of its amount or part thereof abroad, and the respond to the Plaintiff's claims for such ground shall inure to the bank an obligation not provided in the contract entered by and between the Parties without having approved the same, moreover, the Plaintiff's account with the Defendant bank is in USD and the transfer to be imposed by the Bank is in Euro;

WHEREAS the contract between the Plaintiff and the Defendant does not provide any obligation on the Defendant Bank to make transfers abroad, and the discussion on whether this service is included among the services that the bank provides to its customers, even if not explicitly mentioned in the contract, or resulting from the contractual relationship between the bank and the customer, requires the interpretation of the contract, its terms, conditions, and obligations, maturities and the parties' intention, the date of the dealing, the insertion of foreign transfers among the services which the customer may enforce the Bank to make, with such discussion being out of the Court's jurisdiction;

WHEREAS in all cases, the Defendant declared its willingness to remit the amount required to the Plaintiff pursuant to a bank cheque, being the bank cheque  a means for payment discharging the debtor from its debt, and there is no provision stating that such payment lacks of capacity to discharge the debtor in the current situation, for it does not ensure the liquidity money to the creditor, and may not be used to pay the creditor's debt abroad, since such a fact may deprive the cheque from its value as payment means set forth by the law;

WHEREAS in the light of the above, discussing whether the service the Plaintiff is requesting from the Defendant, being the financial transfer abroad, is included among the services that the bank provides to its customers, even if not explicitly mentioned in



the contract, or resulting from the contractual relationship between the bank and the customer, and if the Defendant could be bound by an obligation resulting from the contract entered by and between the Plaintiff and the Defendant, supposing it could be imposed, as provided above, such discussion requires the interpretation of the contract, its terms, conditions, and obligations, maturities and the parties' intention, and all such matters confer seriousness upon the conflict, making the abuse a real ground for the proceedings, if existing, with lack of obviousness, therefore, the Judge in Chambers dealing with the matters of urgency should have no jurisdiction to consider the conflict since the latter jeopardizes the origin of right, and therefore, the case should be rejected for lack of jurisdiction; and

WHEREAS there is no need to consider and discuss the remaining redundant or contrary claims and reasons, whether for being implicitly included in the response or for having no impact on the current remedy, therefore, they should be rejected, including the Defendant's request that the Plaintiff should provide the original of the documents attached to the proceedings' petition or at least to provide a true copy thereof issued by the issuing authority, and in all cases, to translate the same into Arabic, before discussing the same in public pursuant to the legal forms, since they are needed anymore, in particular because such documents are whether in English or French and the Defendant can clearly consider and discuss its content; in addition to the Defendant's right to maintain its right in paying the amount to the Plaintiff by bank cheque drawn in BDL or its lodging with the Notary Public or with the competent court cashier, since such right is kept and maintain by law, whenever existing;

For all the above reasons,

The Civil Judge in Chambers in Baabda, dealing with the matters of urgency, Elias Salah Moukhaiber, hereby order and decide the following:

Article 1:
That the proceedings be rejected and neglected being out of the jurisdiction of the Judge dealing with matters of urgency for the abovementioned reasons;

Article 2:

That the Plaintiff be bound by the legal fees and expenses;

Article 3:

That the remaining redundant or contrary claims and reasons be rejected, including the Defendant's request that the Plaintiff should provide the original of the documents attached to the proceedings' petition or at least to provide a true copy thereof issued by the issuing authority, and in all cases, to translate the same into Arabic, before discussing the same in public pursuant to the legal forms, since they are needed anymore, in particular because such documents are whether in English or French and the Defendant can clearly consider and discuss its content; in addition to the Defendant's right to maintain its right in paying the amount to the Plaintiff by bank cheque drawn in BDL or its lodging with the Notary Public or with the competent court cashier, since such right is kept and maintain by law, whenever existing.

Summary Order rendered publicly in Baabda, on the 14th of September 2020.

Clerk                                 Judge (Moukhaiber)
(Signature)                           (Signature)

True Translation of the Arabic Text attached herewith.



<div dir="rtl">

**قرار**

**باسم الشعب اللبناني**

**إنّ القاضي المنفرد المدني في بعبدا، الياس صلاح مخيبر، الناظر في قضايا الأمور المستعجلة،**

**بعد الاطلاع على أوراق الدعوى كافة،**

**ولدى التدقيق،**

تبين أنّ المدعى محمد مصطفى أيوب، وكيله المحامي جورج فيكان باتانيان، استحضر أمام هذه المحكمة بتاريخ ٢٠٢٠/٩/٩، المدعى عليه بنك بيبلوس – فرع الشياح، وعرض في باب الوقائع ما ملخصه:

إنّ له حساباً مصرفياً دائناً بالدولار الأميركي لدى المصرف المدعى عليه يحمل الرقم /٥٨٥٤٠٠١١٢٠٠٠٨/ وأنه بنتيجة قبول انتساب ابنته جوانا محمد أيوب لدى جامعة KU Leuven في بلجيكا، طلب بصفته ولي أمرها من المدعى عليه إجراء تحويل بمبلغ /٦٠١٠/ ستة آلاف وعشرة يورو يمثل قيمة القسط الجامعي المتوجب تسديده إلى الجامعة المذكورة التي منحت ابنته مهلة تنتهي بتاريخ ٢٠٢٠/٩/١٥ لتسديد قيمة القسط تحت طائلة فقدان الحق بالانتساب إليها، وتحميلها غرامات عن كل يوم تأخير في التسديد، وإجراء تحويلات شهرية بمبلغ /٤٣١/ أربعمائة وواحد وثلاثين يورو يمثل بدلات الإيجار الشهرية المحددة في سند إيجار مسكن في إحدى المجمعات السكنية الطلابية الذي استأجرته ابنته لغايات استكمال دراستها، وأنه بالرغم من المراجعات الشفهية العديدة لم تلقَ مطالبه أي تجاوب من المدعى عليه، فأرسل له بتاريخ ٢٠٢٠/٩/٣ كتاباً خطياً يطالبه بموجبه بتحويل القسط الجامعي لابنته ومبالغ شهرية لتغطية بدلات الإيجار وذلك في مهلة أقصاها /٤٨/ ثماني وأربعين ساعة، إلا أنّ المدعى عليه لم يحرك ساكناً رغم انقضاء المهلة الممنوحة له، ما حدا به إلى التقدم بالدعوى الحاضرة أمام هذه المحكمة بصفتها المرجع الصالح لاتخاذ تدابير مستعجلة تقتضيها الضرورة لتفادي ضرر وشيك أو محتمل الوقوع على الأموال والحقوق، وذلك رفعاً لأي ضرر قد يصيب ابنته ويهدد مستقبلها الأكاديمي والمهني، مستنداً إلى أحكام المادتين /٥٧٩/ و/٥٨٩/ من قانون أصول المحاكمات المدنية، ومشيراً إلى أنّه من الثابت أن رفض المدعى عليه إجراء التحويل لتسديد القسط الجامعي لابنته يلحق بهذه الأخيرة ضرراً فادحاً ويعرضها لخسارة مقعدها الجامعي، ما يؤلف عنصر العجلة الذي يبرر تدخل هذه المحكمة،

وانتهى إلى طلب تقصير المهل من ساعة إلى ساعة وإلا فمن يوم إلى يوم، نظراً لدقة الموضوع ولارتباطه بمستقبل ابنته ودرءاً لخسارة مقعدها الجامعي، وإصدار قرار معجل التنفيذ نافذ على أصله سنداً للمادتين /٥٧٩/ و/٥٨٩/ محاكمات مدنية، بإلزام المدعى عليه في مهلة أقصاها ٢٠٢٠/٩/١٥، وتحت طائلة غرامة إكراهية قدرها عشرة ملايين ليرة لبنانية عن كل يوم تأخير، بتحويل القسط الجامعي المتوجب على ابنته والبالغ /٦٠١٠/ ستة آلاف وعشرة يورو، وذلك من الحساب المفتوح بإسمه لدى المصرف المذكور برقم /٥٨٥٤٠٠١١٢٠٠٠٨/ إلى حساب جامعة KU Leuven المصرفي الذي بيّن تفاصيله، وإلزام المدعى عليه تحت طائلة غرامة إكراهية بقيمة عشرة ملايين ليرة لبنانية عن كل يوم تأخير، بإجراء تحويلات شهرية لبدلات الإيجار المتوجبة والبالغة /٤٣١/ أربعمائة وواحد وثلاثين يورو شهرياً من الحساب عينه إلى حساب ابنته جوانا محمد أيوب المصرفي الذي سيصار إلى فتحه في بلجيكا، وتدريكه الرسوم والنفقات كافة،

وتبيّن أنّ المحكمة قررت بتاريخ ٢٠٢٠/٩/١٠، تقصير المهل نظراً لماهية القضية، وإبلاغ المدعى عليه نسخة عن استحضار الدعوى ومرفقاته وتكليفه الجواب عليه ضمن مهلة أربع وعشرين ساعة من تاريخ تبلغه، وتكليفه إبراز نسخة عن "عقد فتح الحساب الذي ينظم علاقته بالمدعي،

٤

</div>





وتبيّن أنّ المدعى عليه بنك بيبلوس ش.م.ل. تقدم بتاريخ ٢٠٢٠/٩/١١، بواسطة وكيله المحامي عدنان
كرم، بلائحة جوابية أبرز بموجبها صورة عن أحكام وشروط عقد فتح وتحريك الحساب الذي ينظم العلاقة
بينه وبين المدعي،

وأدلى بعدم الاختصاص باعتبار أنّه من المعلوم أنّ التدابير التي تجيز قانون أصول المحاكمات المدنية
لقاضي الأمور المستعجلة اتخاذها بالاستناد إلى أحكام المادة /٥٧٩/ أو المادة /٥٨٩/ من قانون أصول
المحاكمات المدنية، لا يمكن اللجوء إليها إلا إذا كانت بطبيعتها تدابير مؤقتة واحتياطية وليست تدابير دائمة
ونهائية أو مقيدة لمحكمة الأساس، وألا يكون من شأنها تحديد مركز الخصوم تحديداً دائماً بالنسبة إلى أصل
الحق بل تحديداً مؤقتاً، مورداً بهذا المعنى بعض الفقه، وموضحاً أنّ القرار الذي يطلب المدعي اتخاذه هو
من التدابير الدائمة والنهائية التي من شأنها التعرض لأصل الحق وإنهاء النزاع وحرمانه من وسائل الدفاع
المحفوظة له أمام محكمة الأساس، فضلاً عن أنّ التدابير التي لا يتم اللجوء إليها إلا في حالات العجلة
القصوى والملحة والخطر الداهم والأكيد والتعدي السافط والصارخ في عدم مشروعيته ومخالفته للقانون،
دون أن ينطوي ذلك على أي نزاع جدي أو مساس بأصل الحق، وأنّ هذه الشروط غير متوافرة في القضية
الحاضرة في ضوء العلاقة التعاقدية التي تربطه بالمدعي، وهي علاقة مصرفية وفق أحكام المادة /١٢٣/
من قانون النقد والتسليف معطوفة على المادة /٣٠٧/ من قانون التجارة، وفي ضوء أحكام العقد الذي ينظم
علاقتهما ويحكمها والخالي من أي موجب يلزم المصرف بإجراء عملية التحويل المطلوب رغماً عنه في
حال رفض إجراءها، وأضاف أنّه في ظل الظروف الراهنة التي تمر بها البلاد وصعوبة التحاويل
الخارجية التي باتت أسبابها معروفة من الجميع، وتهافت المودعين على سحب ودائعهم، عرض على
المدعي تسديد المبلغ المطلوب بموجب شيك مصرفي مسحوب على مصرف لبنان تلافياً لأي نزاع معه،
إلا أنّ المدعي رفض وأصرّ على إجراء التحويل وتقدم بهذه الدعوى لإجباره على ذلك رغم خروج هذا
الأمر عن اختصاص هذه المحكمة، مسنداً أسبابه إلى بعض الاجتهاد وطالباً رد الدعوى لعدم الاختصاص
وللتعلقة العجلة وانتفاء الضرر والتعدي المزعومين وعدم توافر شروط المادتين /٥٧٩/ و/٥٨٩/
محاكمات مدنية، فضلاً عن انطواء البث بمطالب المدعي على تعرض واضح وصريح لأصل الحق،
وأضاف مدلياً بعدم الصحة والقانونية كون المادة /١٢٣/ من قانون النقد والتسليف تنصّ على أنّ الودائع
تخضع لأحكام المادة /٣٠٧/ من قانون التجارة التي تفرض على المصرف موجباً وحيداً يتمثّل بإعادة
المبلغ دون إمكانية إلزامه بإجراء عملية مصرفية لا يرغب في القيام بها، وأنّ المادة /٧٠٤/ موجبات
وعقود تنصّ على وجوب رد الوديعة في مكان إيداعها ما لم يكن هناك من نص مخالف، وأنّ حساب
المدعي مفتوح لديه في فرع الشياح ولا يمكنه المطالبة بإلزامه بأن يرد له أي مبلغ من وديعته خارج مكان
إيداعها أو بإجراء أي تحويل منها إلى خارج الأراضي اللبنانية، كونه ليس ملزماً بأداء هذه الخدمة،
ما يجعل مطالب المدعي مستوجبة الرد والإهمال لمخالفتها أحكام العقد الذي يرعى علاقة الطرفين وأحكام
المواد /١٢٣/ نقد وتسليف و/٣٠٧/ تجارة و/٧٠٤/ موجبات وعقود، وأكد على أنّه لم يسبق له أن تخلف
عن الإيفاء بأي من واجباته والتزاماته تجاه عملائه، إلا أنّه اضطر كسائر المصارف في لبنان إلى رفض
التحويل حرصاً على الاحتياطي العائد له من العملات الأجنبية تأميناً لمصلحة جميع مودعيه وتلافياً من
تهريب تلك الأموال إلى الخارج، وذلك تماشياً مع تعاميم مصرف لبنان، مشيراً إلى أنّ المستندات المبرزة
من المدعي ليس لها أية مفاعيل تجاهه عملاً بالأثر النسبي للعقود المنصوص عليه في المادة /٢٢٥/
موجبات وعقود، وأنّه في حال ارتأت المحكمة أي مبرر لصلاحيتها أو لتدخلها، فإنّه لا يمنع من تسديد
المبلغ للمدعي بموجب شيك مصرفي مسحوب على مصرف لبنان، تحت طائلة تحميل هذا الأخير أعباء
رفض الإيفاء المعروض عليه عملاً بأحكام المواد /٢٩٠/ و/٢٩٤/ موجبات وعقود و/٨٢٢/ محاكمات
مدنية، لا سيما في ظل اعتبار الشيك وسيلة إيفاء مبرئة للذمة، مورداً بهذا المعنى بعض الاجتهاد، وأدلى
بأنّه يعود له إمّا أن يسدد للمدعي المبلغ المطلوب تحويله بموجب شيك مصرفي مسحوب على مصرف
لبنان، أو أن يودع له المبلغ بموجب الشيك المذكور لدى الكاتب العدل أو في صندوق المحكمة المختصة،
ما يجعل من إصرار المدعي على إلزامه بإجراء التحويل ورفضه للإيفاء المعروض عليه واقعين في غير
محلهما القانوني الصحيح، ويجعل الدعوى مستوجبة الرد برمتها لعدم صحتها وعدم قانونيتها لمخالفتها
أحكام المواد /٢٢٥/ و/٢٩٠/ و/٢٩٤/ موجبات وعقود و/٨٢٢/ محاكمات مدنية، وأضاف على سبيل



٥



الاستطراد أنّه يتضح من المستندات المبرزة من المدعي أنّ تسجيل ابنته في جامعة KU Leuven تمّ بتاريخ ٢٠٢٠/٨/٢٥ عن العام الدراسي ٢٠٢٠-٢٠٢١، وأنّ مدة الإجارة المبينة من عقد الإيجار تمتد من تاريخ ٢٠٢٠/٩/١٦ ولغاية تاريخ ٢٠٢١/٩/١٥، في حين أنّ التعاميم الصادرة عن مصرف لبنان والمتعلقة بالتحاويل للطلاب اللبنانيين في الخارج، ولا سيما التعميم الأساسي رقم /١٥٢/ تاريخ ٢٠٢٠/٨/١٩، يشترط لإتمام تلك العمليات أن يكون الطالب مسجلاً في مؤسسة تعليمية ومقيماً في الخارج قبل نهاية العام ٢٠١٩، أو أن تكون جرت العادة على تنفيذ تحاويل لتسديد مثل تلك النفقات خلال السنوات السابقة، وهو أمر غير متوافر في حالة ابنة المدعي، ما يجعل مطالب هذا الأخير مستوجبة الرد والإهمال لهذا السبب أيضاً،

وخلص إلى طلب تكليف المدعي إبراز أصل المستندات المرفقة باستحضار الدعوى أو على الأقل التأشير عليها بمطابقتها للأصل من قبل الجهة الصادرة عنها وفي مطلق الأحوال تعريبها تمهيداً لوضعها قيد المناقشة العلنية وفقاً للأصول، والحكم برد الدعوى الحاضرة لعدم اختصاص هذه المحكمة للبت بالمطالب الواردة فيها ولعدم توافر شروط المادتين /٥٧٩/ و/٥٨٩/ محاكمات مدنية لانتفاء العجلة وانتفاء الضرر والتعدي المزعومين، ولكون التدبير المطلوب اتخاذه ينطوي على تعرض واضح وصريح لأصـل الحق وفي مطلق الأحوال رد الدعوى برمتها لورود مزاعم المدعي ومطالبه جملة وتفصيلاً لعدم قانونيتها وعدم صحتها للأسباب المبينة منه ولمخالفتها أحكام وشروط العقد الذي يرعى علاقة الطرفين والمواد /١٢٣/ نقد وتسليف و/٣٠٧/ تجارة و/٢٢٥/ و/٧٠٤/ موجبات وعقود، واستطراداً رد الدعوى لعدم انطباقها على التعاميم الصادرة عن مصرف لبنان في هذا الخصوص ولا سيما التعميم رقم /١٥٢/ تاريخ ٢٠٢٠/٨/١٩، وإلّا وفي حال ارتأت المحكمة أي مبرر لصلاحيتها أو لتدخلها حفظ حقه في تسديد المبلغ المطلوب للمدعي بموجب شيك مصرفي مسحوب على مصرف لبنان أو بإيداع هذا الشيك لدى الكاتب العدل أو في صندوق المحكمة المختصة إبراء لذمته تجاه المدعي سنداً لأحكام المواد /٢٩٠/ و/٢٩٤/ موجبات وعقود و/٨٢٢/ محاكمات مدنية، وتضمين المدعي الرسوم والنفقات كافة، مع احتفاظه بحقه بمطالبته عند الاقتضاء بالعطل والضرر سنداً لأحكام المادتين /١٠/ و/١١/ محاكمات مدنية في حال إصراره على موقفه وتعسفه في استعمال حق الادعاء،

وتبين أنّه في جلسة المحاكمة المنعقدة بتاريخ ٢٠٢٠/٩/١٤، كرر الفريقان أقوالهما، فاختتمت المحاكمة أصولاً،

## بناءً عليه

حيث إنّ المدعي يطلب بنتيجة الدعوى الحاضرة إصدار قرار معجل التنفيذ نافذ على أصله سنداً للمادتين /٥٧٩/ و/٥٨٩/ محاكمات مدنية، بإلزام المدعى عليه في مهلة أقصاها ٢٠٢٠/٩/١٥، وتحت طائلة غرامة إكراهية قدرها عشرة ملايين ليرة لبنانية عن كل يوم تأخير، بتحويل القسط الجامعي المتوجب على ابنته والبالغ /٦٠١٠/ ستة آلاف وعشرة يورو، وذلك من الحساب المفتوح بإسمه لدى المصرف المذكور برقم /٥٨٥٤٠٠١١٢٠٠٠٨/ إلى حساب جامعة KU Leuven المصرفي الذي بيّن تفاصيله، وإلزام المدعى عليه تحت طائلة غرامة إكراهية بقيمة عشرة ملايين ليرة لبنانية عن كل يوم تأخير، بإجراء تحويلات شهرية لبدلات الإيجار المتوجبة والبالغة /٤٣١/ أربعماية وواحد وثلاثين يورو شهرياً من الحساب عينه إلى حساب ابنته جوانا محمد أيوب المصرفي الذي بيّنصار إلى فتحه في بلجيكا، وتدريكه الرسوم والنفقات كافة،

وحيث إنّ المدعى عليه يدلي بوجوب تكليف المدعي إبراز أصل المستندات المرفقة باستحضار الدعوى أو على الأقل التأشير عليها بمطابقتها للأصل من قبل الجهة الصادرة عنها وفي مطلق الأحوال تعريبها تمهيداً لوضعها قيد المناقشة العلنية وفقاً للأصول، وإصدار القرار برد الدعوى الحاضرة لعدم اختصاص هذه المحكمة للبت بالمطالب الواردة فيها ولعدم توافر شروط المادتين /٥٧٩/ و/٥٨٩/ محاكمات مدنية لانتفاء العجلة وانتفاء الضرر والتعدي المزعومين، ولكون التدبير المطلوب اتخاذه ينطوي




على تعرض واضح وصريح لأصل الحق، وفي مطلق الأحوال رد الدعوى برمتها ورد مزاعم المدعي ومطالبه جملة وتفصيلاً لعدم قانونيتها وعدم صحتها للأسباب المبينة منه ولمخالفتها أحكام وشروط العقد الذي يرعى علاقة الطرفين والمواد /١٢٣/ نقد وتسليف و/٣٠٧/ تجارة و/٢٢٥/ و/٧٠٤/ موجبات وعقود، واستطراداً رد الدعوى لعدم انطباقها على التعاميم الصادرة عن مصرف لبنان في هذا الخصوص ولا سيما التعميم رقم /١٥٣/ تاريخ ٢٠٢٠/٨/٢٩، وإلاّ وفي حال ارتأت المحكمة أي مبرر لصلاحيتها أو لتدخلها حفظ حقه في تسديد المبلغ المطلوب للمدعي بموجب شيك مصرفي مسحوب على مصرف لبنان أو بإيداع هذا الشيك لدى الكاتب العدل أو في صندوق المحكمة المختصة إبراء لذمته تجاه المدعي سنداً لأحكام المواد /٢٩٠/ و/٢٩٤/ موجبات وعقود و/٨٢٢/ محاكمات مدنية، وتضمين المدعي الرسوم والنفقات كافة، مع احتفاظه بحقه بمطالبته عند الاقتضاء بالعطل والضرر سنداً لأحكام المادتين /١٠/ و/١١/ محاكمات مدنية في حال إصراره على موقفه وتعسفه في استعمال حق الادعاء،

وحيث إن المدعي يدلي بأنّ رفض المدعى عليه إجراء التحويل لتسديد القسط الجامعي لابنته يلحق بهذه الأخيرة ضرراً فادحاً ويعرضها لخسارة مقعدها الجامعي، ما يؤلف عنصر العجلة الذي يبرر تدخل هذه المحكمة، سنداً لأحكام المادتين /٥٧٩/ و/٥٨٩/ من قانون أصول المحاكمات المدنية،

وحيث إن المدعى عليه يدفع باتفتاء شروط انعقاد اختصاص قاضي الأمور المستعجلة، أي العجلة القصوى والملحة والخطر الداهم والأكيد والتعدي الساطع والصارخ في غير مشروعيته ومخالفته للقانون وعدم وجود أي نزاع جدي أو مساس بأصل الحق، في ضوء العلاقة التعاقدية التي تربطه بالمدعي وهي علاقة مصرفية وفق أحكام المادة /١٢٣/ من قانون النقد والتسليف معطوفة على المادة /٣٠٧/ من قانون التجارة، وفي ضوء أحكام العقد الذي ينظم علاقتهما ويحكمها والخالي من أي موجب يلزم المصرف بإجراء عملية التحويل المطلوبة رهماً عنه في حال رفض إجراءها، لا سيما في ظل الظروف الراهنة التي تمر بها البلاد وصعوبة التحاويل الخارجية التي باتت أسبابها معروفة من الجميع،

وحيث إن الفقرة الأولى من المادة /٥٧٩/ محاكمات مدنية تنص على أنه:
"القاضي المنفرد أن ينظر، بوصفه قاضياً للأمور المستعجلة، في طلبات اتخاذ التدابير المستعجلة في المواد المدنية والتجارية دون التعرض لأصل الحق، مع الاحتفاظ بالصلاحية المقررة لرئيس دائرة التنفيذ."
وحيث إنه يتضح مما تقدم أن الشرط الأساسي لتوافر اختصاص قاضي الأمور المستعجلة سنداً لأحكام الفقرة الأولى من المادة /٥٧٩/ محاكمات مدنية، هو توافر عنصر العجلة التي تبرر اللجوء إلى قاضي الأمور المستعجلة والمتمثل بتوافر عجلة ملحة وضرورة قصوى يمسي معها من المتعذر الانتظار واتباع إجراءات التقاضي العادية، نظراً لما تتطلبه من تبليغ ومناقشات، الأمر الذي من شأنه أن يهدد مصالح الأشخاص بالضياع يعرضها لخطر شديد، ويلحق بها ضرراً لا يعوض،

وحيث إنه من المعلوم أن الاستعجال يستند وجوده من طبيعة الحق المراد حمايته والظروف المحيطة به والتي تهدده، وأنه على القاضي أن يقدر وجوده في الحالة المطروحة عليه وفقاً لمعيار موضوعي وليس شخصياً، إذ إنه ينشأ عن طبيعة القضية والحق المراد صيانته والظروف المحيطة به، وليس عن إرادة الخصوم أو ظروفهم الشخصية أو رغبتهم بالحصول على حكم بمطالبهم على وجه السرعة،

وحيث إنه يستنتج مما تقدم أنه لا يمكن للمرء أن يضع نفسه إرادياً وعن سابق معرفة في ظروف تشكل الضرورة الملحة التي من شأنها أن تعرض مصالحه للخطر، وأن يدلي بتوافر الاستعجال المبرر لتدخل قاضي الأمور المستعجلة لاتخاذ التدبير المستعجل الذي يطالب به درءاً للخطر وحماية لحقوقه ومصالحه،

وحيث في القضية الحاضرة، إنه يتبيّن من المستندات المبرزة من المدعي والمرفقة باستحضار الدعوى، أن ابنته جوانا تقدمت بطلب تسجيلها لمتابعة دراستها في جامعة KU Leuven في بلجيكا للعام الدراسي ٢٠٢٠-٢٠٢١، وأنه تم قبول طلبها بتاريخ ٢٠٢٠/٨/٢٥، على أن تسدد القسط الجامعي البالغ /٦٠١٠/ ستة آلاف وعشرة يورو ضمن مهلة أقصاها ٢٠٢٠/٩/١٥،

وحيث إنه من المعلوم أن لبنان يمر منذ ما يناهز السنة بمرحلة اقتصادية صعبة ودقيقة، وأن المصارف متمنعة أقله منذ أواخر العام المنصرم عن إجراء التحويلات المالية إلى الخارج، حرصاً منها على المحافظة على احتياطي المصارف من العملات الأجنبية وتأميناً لمصلحة جميع المودعين وتلافياً



من تهريب تلك الأموال إلى الخارج،

وحيث إن مصرف لبنان قد أصدر عدة قرارات وتعاميم بهذا الخصوص، كان آخرها القرار الأساسي رقم /١٣٢٥٧/ تاريخ ٢٠٢٠/٨/١٩ الذي وضع على عاتق المصارف موجب إجراء تحاويل أموال إلى الخارج من حسابات عملائها الجارية بالعملة الأجنبية لتأمين تسديد أقساط التعليم وبدلات الإيجار ولكن ضمن شروط تتمثل بأن يكون الطالب مسجلاً في مؤسسة تعليمية ومقيماً في الخارج قبل نهاية عام ٢٠١٩، أو أن تكون جرت العادة على تنفيذ تحاويل لتسديد هذه النفقات، الأمر غير المتوافر في حالة ابنة المدعي التي لم تسافر بعد إلى بلجيكا والتي لم تتابع دراستها هناك منذ ما قبل نهاية عام ٢٠١٩، بل إنها بصدد المباشرة في متابعة تحصيلها العلمي في الخارج للعام الدراسي ٢٠٢١-٢٠٢٠ واستئجار مسكن هناك، أي أنها تقدمت بطلب تسجيلها في جامعة KU Leuven في بلجيكا وهي عالمة بصعوبة إجراء التحاويل المالية إلى الخارج، فلا يمكنها التذرع بالعجلة القصوى كونها هي من وضعت نفسها بمعرفتها الكاملة في حالة الاستعجال،

وحيث فضلاً عما تقدم، إن إعمال الفقرة الأولى من المادة /٥٧٩/ محاكمات مدنية، يفترض توافر شرط آخر متمثل بعدم المساس بأصل الحق بحيث ألا يؤثر التدبير الوقتي المطلوب اتخاذه من قاضي الأمور المستعجلة على حقوق الفرقاء في حال عرض النزاع القائم بينهما على محكمة الأساس،

وحيث بالإضافة إلى ما تقدم، وسنداً لأحكام المادة /٥٨٩/ محاكمات مدنية، فإنه لقاضي الموضوع كما لقاضي الأمور المستعجلة، أن يتخذ بناء على طلب أحد الأشخاص، تدابير مؤقتة واحتياطية من شأنها حفظ الحقوق ومنع الضرر، على أن تتسم القرارات التي يتخذها قاضي الأمور المستعجلة بالاستناد إلى أحكام المادة المذكورة بالطابع المؤقت والاحتياطي، إلا أنه لا يتم اللجوء إلى تلك التدابير إلا في حالات العجلة القصوى أو الخطر الداهم أو الضرورة الملحّة، أو ما سوى ذلك من الأوضاع التي يخشى معها تفاقم الأضرار دون أن تكون أمام مدعي الضرر وسيلة أخرى تحدّ منه غير توسّل التدبير الإستثنائي، الأمر غير المتوافر في القضية الحاضرة،

وحيث إن مطالب المدعي المتمثلة بتحويل قيمة القسط الجامعي إلى الخارج وبإجراء تحويلات شهرية بقيمة بدلات الإيجار، لا تتسم بالطابع المؤقت والاحتياطي خصوصاً وأنّه يرمي إلى تحويل قسم من أمواله إلى الخارج بصورة نهائية، وتغيير ماهية حساب المصرف لدى المدعى عليه بصورة غير قابلة للرجوع،

وحيث إن الفقرة الثانية من المادة /٥٧٩/ محاكمات مدنية تنص على أنه للقاضي المنفرد بوصفه قاضياً للأمور المستعجلة: "أن يتخذ التدابير الآيلة إلى إزالة التعدي الواضح على الحقوق أو الأوضاع المشروعة."

وحيث إنه يتضح من أحكام الفقرة الثانية من المادة المذكورة أنّه يشترط لتدخل قاضي الأمور المستعجلة، وجود فعل أو امتناع غير مشروع يشكل تعدياً واضحاً لا منازعة جدية حوله، طال حقوق المعتدى عليه المشروعة،

وحيث إن التعدي بمفهوم المادة المذكورة، هو كل فعل يصدر عن شخص خارج إطار حقوقه المشروعة، بما يخالف أحكام القانون أو الالتزامات التعاقدية، ويطال حقوق الآخرين المشروعة، علماً بأنّ التعدي لا يشترط توافر عنصر الضرر باعتبار أنه ينطوي حكماً على ضرر أصاب الشخص المعتدى على حقوقه دونما حاجة إلى إثباته، ما يقتضي معه ردّ إدلاءات المدعى عليه لهذه الجهة لا سيما في ظل ثبوت ضرر قد يلحق بابنة المستدعي جراء امتناع المدعى عليه عن إجراء التحويل المطلوب،

وحيث إنه يشترط لعقد اختصاص قاضي الأمور المستعجلة، انتفاء المنازعة الجدية حول صفة الوضوح للتعدي المطلوب إزالته، وفقاً لظاهر الحال بالاستناد إلى معطيات الملف، بمعنى أن التعدي يجب أن يكون واضحاً أكيداً لا لبس فيه، ولا يحتمل أية منازعة جدية حوله، أي التعدي الساطع بعدم مشروعيته والصارخ في مخالفته للقانون، علماً بأنّ صفة الوضوح يجب أن تلازم الحق المعتدى عليه كما والتعدي المطلوب إزالته على النحو المبين في المادة المذكورة،

وحيث وإن كان من المعلوم أن النزاع القائم حول أصل الحق لا يشكل بحد ذاته عائقاً يحول دون تدخل



القضاء المستعجل بالاستناد إلى الفقرة الثانية من المادة /٥٧٩/ محاكمات مدنية، لاتخاذ التدابير الآيلة إلى
إزالة التعدي الواضح والمحافظة على الأوضاع القائمة وإعادة الحال إلى ما كانت عليه، إلا أنّه يبقى على
قاضي الأمور المستعجلة التحقق من وجود التعدي ووضوحه كشرط وحيد لتدخله إعمالاً للفقرة المذكورة،
دون البحث في مدى توافر الشروط العامة المفروضة بمقتضى أحكام الفقرة الأولى من المادة عينها،
وتحديداً شرطي العجلة وعدم التصدي لأصل الحق، ذلك أنّ شرط التعدي الواضح يفترض ضمناً توافر
شرطي العجلة وعدم التعرض لأصل الحق، أي أنّه على قاضي الأمور المستعجلة أن يستخلص مدى
وضوح التعدي من الوقائع المعروضة والمستندات المبرزة في الملف، حتى إذا ما تبيّن له أنّه جاء ملتبساً
أو كان مشكوكاً فيه أو أنّه موضوع منازعة جدية حول وجوده أو عدمه، وجب عليه رفع يده عن النزاع،

وحيث في القضية الحاضرة، إنّه من الثابت من أوراق الدعوى ومعطيات الملف، أنّ العلاقة التي تربط
الفريقين هي علاقة تعاقدية تستند إلى كتاب "أحكام وشروط فتح وتحريك حساب مصرفي" الخاص
بالمصرف المدعى عليه والمسجل لدى الكاتب العدل، والمبرزة صورته طي لائحة المدعي عليه المؤرخة
في ٢٠٢٠/٩/١١، وهي تنظم علاقة المدعي بالمدعى عليه وترتب على عاتق كل من الفريقين حقوقاً
وموجبات، هذا فضلاً عن قوانين الأنظمة المرعية الإجراء،

وحيث إنّه يتبيّن من الكتاب المذكور الذي ينظم علاقة المدعي بالمدعى عليه، أنّه لم يتضمن أي موجب
يلزم المصرف بإجراء عملية التحويل المطلوبة رغماً عنه في حال رفض إجراءها،

وحيث إنّ المادة /١٢٣/ من قانون النقد والتسليف تنص على أنّه:
"تخضع الودائع لأحكام المادة ٣٠٧ من قانون التجارة."
وحيث إنّ المادة /٣٠٧/ من قانون التجارة تنص على:
"أن المصرف الذي يتلقى على سبيل الوديعة مبلغا من النقود يصبح مالكا له ويجب عليه ان يرده بقيمة تعادله دفعة
واحدة او عدة دفعات عند اول طلب من المودع او بحسب شروط المهل او الاعلان المسبق المعينة في العقد."
وحيث إنّه يتضح من أحكام المادة /٣٠٧/ من قانون التجارة التي تحيل إليها المادة /١٢٣/ من قانون
النقد والتسليف، أنّ المصرف بعد تلقيه الوديعة يصبح مالكاً لها، وأنّه يرجعها بقيمة تعادلها بحسب شروط
المهل المنصوص عليها في العقد،
وحيث إنّ المادة /٧٠٤/ موجبات وعقود تنص على أنّه:
"يجب رد الوديعة في مكان إيداعها ما لم يكن ثمة نص مخالف."
وحيث إنّه من الثابت من معطيات الملف، ومن إدلاءات المدعي نفسه، أنّ حسابه مفتوح لدى المصرف
المدعى عليه في فرع الشياح،

وحيث إنّ الكتاب الذي ينظم علاقة المدعي والمدعى عليه لم يتضمن أي بند يلزم المصرف برد
الوديعة في مكان آخر، وخصوصاً تحويلها أو جزء منها إلى خارج الأراضي اللبنانية، وأنّ إجابة مطالب
المدعي لهذه الجهة تؤدي إلى إلزام المصرف بموجب غير منصوص عليه في العقد الموقع من الفريقين
ولم يقترن بموافقته، بالإضافة إلى أنّ حساب المدعي لدى المصرف المدعى عليه هو بالدولار الأميركي
وأنّ التحاويل التي يطلب إلزام هذا الأخير بالقيام بها هي باليورو،

وحيث فضلاً عن عدم تضمن العقد الموقع بين المدعي والمدعى عليه لأي بند يلزم المصرف المدعى
عليه بإجراء التحاويل المالية إلى الخارج، فإنّ البحث في مدى كون هذه الخدمة داخلة ضمن الخدمات التي
على المصرف تأمينها لعميله ولو لم ينص عليها العقد صراحة، أو منبثقة عن العلاقة التعاقدية التي
تجمعهما، يفترض تفسير العقد وبنوده وشروطه والموجبات الناشئة عنه واستحقاقها والوقوف على نية
الفريقين، وعلى تاريخ التعامل بينهما ومدى اندراج التحاويل الخارجية ضمن الخدمات التي يحق للعميل
فرض أدائها على المصرف، ما يخرج عن اختصاص هذه المحكمة،

وحيث في مطلق الأحوال، إنّ المدعي عليه أبدى استعداده لتسليم المدعي المبلغ المطالب به بموجب
شيك مصرفي، وأنّ الشيك المصرفي يعتبر وسيلة إيفاء مبرئة لذمة المدين، ولا يرد على ذلك بأنّ الإيفاء

9



بتلك الوسيلة لا يتمتع بالصفة المبررة في الوضع الراهن كونه لا يؤمن للدائن السيولة اللازمة ولا يؤدي إلى إيفاء دينه في الخارج، لأن من شأن ذلك أن يجرّد الشيك من قيمته كوسيلة إيفاء أقرها القانون،

وحيث في ضوء مجمل ما صار بيانه أعلاه، فإنّ البحث في مدى كون الخدمة التي يطلب المدعي إلزام المدعى عليه بأدائها، والمتمثلة بإجراء التحويل المالية إلى الخارج، داخلة ضمن الخدمات التي على المصرف تأمينها لعميله ولو لم ينص عليها العقد صراحة، أو كونها منبثقة عن العلاقة التعاقدية التي تجمعهما، ويمدى إمكانية إلزام المصرف المدعى عليه بأداء موجب ناشئ عن العقد الموقع بينه ويبن المدعي على أرض صحة ذلك، على النحو المبين أعلاه، تستوجب تفسير مضمون العقد الموقع بين الفريقين وملحقاته والموجبات الناشئة عنه وشروطها ومدى استحقاقها، والوقوف على نية الفريقين، وكلها مسائل تضفي على المنازعة طابع الجدية، ومن شأنها أن تجعل من التعدي موضوع الدعوى، في حال وجوده، مفتقراً إلى الوضوح، الأمر الذي يجعل قاضي الأمور المستعجلة غير مختص للنظر في النزاع المذكور لما ينطوي عليه من مساس بأصل الحق، ما يقتضي معه رد الدعوى لخروج أمر النظر فيها عن اختصاص هذه المحكمة،

وحيث إنه لم يعد بالتالي من ضرورة للبحث في سائر الأسباب والمطالب الزائدة أو المخالفة، إما لكونها قد لاقت رداً ضمنياً أو لعدم تأثيرها على الحل المعطى، ويقتضي بالتالي ردها، بما فيها طلب المدعي عليه الرامي إلى تكليف المدعي إيراز أصل المستندات المرفقة باستحضار الدعوى أو على الأقل التأشير عليها بمطابقتها للأصل من قبل الجهة الصادرة عنها وفي مطلق الأحوال تعريبها تمهيداً لوضعها قيد المناقشة العلنية وفقاً للأصول لانتفاء الجدوى، لا سيما وأنّ تلك المستندات المذكورة منظمة باللغة الفرنسية والإنكليزية وقد تمكن المدعي عليه من الوقوف على مضمونها ومناقشتها، وطلب المدعي عليه الرامي إلى حفظ حقه في تسديد المبلغ المطلوب للمدعي بموجب شيك مصرفي مسحوب على مصرف لبنان أو بإيداع هذا الشيك لدى الكاتب العدل أو في صندوق المحكمة المختصة كون القانون يحفظ الحقوق في حال توجبها،

**لهذه الأسباب**

يقرر:
أولاً: رد الدعوى برمتها بسبب خروج أمر النظر فيها عن اختصاص قاضي الأمور المستعجلة، للأسباب المبينة في متن هذا القرار،

ثانياً: تضمين المدعي الرسوم والنفقات القانونية كافة،

ثالثاً: رد سائر الأسباب والمطالب الزائدة أو المخالفة، بما فيها طلب المدعى عليه الرامي إلى تكليف المدعي إيراز أصل المستندات المرفقة باستحضار الدعوى أو على الأقل التأشير عليها بمطابقتها للأصل من قبل الجهة الصادرة عنها وفي مطلق الأحوال تعريبها تمهيداً لوضعها قيد المناقشة العلنية وفقاً للأصول لانتفاء الجدوى، وطلب المدعى عليه الرامي إلى حفظ حقه في تسديد المبلغ المطلوب للمدعي بموجب شيك مصرفي مسحوب على مصرف لبنان أو بإيداع هذا الشيك لدى الكاتب العدل أو في صندوق المحكمة المختصة كون القانون يحفظ الحقوق في حال توجبها.

قراراً معجل التنفيذ صدر وأفهم علناً في بعبدا بتاريخ ٢٠٢٠/٩/١٤.

القاضي/ مخبر 

الكاتب 

10