# EXHIBIT 5

Margin:  Basis: 763/2020
Award N°: 455/2020

## Award

### In the Name of the Lebanese People

### The Judge of Urgent Matters in Jdeidet El Metn

Upon inspection,

It appeared that on 02/07/2020, Amir Zakaria, his proxy Attorney Karim TORBEY, filed a filed a claim against the Defendant Fransabank – Dora Branch, requesting to oblige it to transfer an amount of USD /192,000/ from his account n° /0258USD1791052258102/ to his account in Switzerland n°: Swift code: UBPGCHGGXXX-IBAN: CH320865700 under the penalty of obliging him to pay a compulsory fine of 20,000,000 L.L. for each day of delay, provided that the decision is effective as is and that the Defendant incurs all fees, expenses, and damages.

It also appeared that in the session held on 22/10/2020, no one attended on behalf of the Defendant so it was decided that he be duly tried; the Plaintiff reiterated his previous claims and the trial was concluded to explain the final decision.

### Thereupon,

Whereas the Plaintiff Amir Zakaria requests through the present lawsuit to oblige the Defendant/Fransabank- Dora Branch to transfer an amount of USD /192,000/ from the Plaintiff's account n°/0258USD1791052258102/ to his account in Switzerland n°: Swift code: UBPGCHGGXXX-IBAN:



CH320865700 under the penalty of obliging him to pay a compulsory fine of 20,000,000 L.L. for each day of delay,

Whereas the Defendant failed to respond to this lawsuit, the court cannot respond to the Plaintiff's claims unless it finds them legal well-founded,

Whereas according to the provisions of the said paragraph, the Judge of Urgent Matters is entitled to take measures aiming to eliminate the clear infringement of legitimate rights or conditions;

Whereas it is necessary to examine the availability of "the clear infringement of rights" which falls within the jurisdiction of this authority, in order to eliminate it in the event of an affirmative action,

Whereas the Plaintiff's present lawsuit is based on the fact that he owns an account at the Defendant/Bank amounting to USD/192,000/ and that on 25/10/2019 during his presence in Lebanon, he asked the Defendant in writing to transfer the said amount from the Plaintiff's account to his account in Geneva- Switzerland in order to help his daughter residing there to pay the remaining amount of the price of the apartment she purchased, but the Defendant did not make the transfer. The Plaintiff sent on 26/12/2019 an email to the Director of the Defendant/Branch reminding him of his earlier instructions that the amount should be transferred, but to no avail. Then, he sent another letter to the Defendant on 31/01/2020 along with a warning addressed by his attorney in Turkey on the necessity of transferring the said amount, but the Defendant did nothing in this regard.

Whereas, based on the foregoing, it is necessary to verify whether the bank's failure to transfer the amount the Plaintiff requested from his account to another account in Switzerland is considered a clear and flagrant violation of the Plaintiff's rights pursuant to the provisions of paragraph two of Article 576 of the Code of Civil Procedure,



Whereas it should be noted in this context that the urgent judiciary, pursuant to its jurisdiction and role set forth by law, enjoys a power limited to taking action when the violation reported is obvious, otherwise it is not entitled and cannot expand its role to such an extent allowing it to address the basis and decide rights to be sought, or to establish final legal conditions, since the Court of First Instance solely enjoys the power to interpret and scrutinize the substance of the dispute basis.

Whereas it is well-known that the banking system in Lebanon authorizes the depositor to open an account with any bank of his choice, whether current or frozen for a certain period of time to be agreed upon between both of them, and the depositor can withdraw or even release the entire deposited amount upon maturity of the aforementioned term for this type of accounts, noting that no restrictions are placed on him regarding the withdrawal of his money whenever he wants if the account is current,

Whereas, in spite of the above, it is clear **on the one hand** that the economic and financial situation that has plagued Lebanon since 17 October 2019 until the present date has constituted an exceptional circumstance which led to the imposition of bank restrictions on the depositors' accounts at all Lebanese banks in terms of the withdrawal ratio and the transfer of funds outside the Lebanese territories,

Whereas on the other hand the violation reported in the present file- i.e., the bank restrictions which are imposed on deposits and prevent depositors from withdrawing their accounts in U.S. dollars currency and receiving them in cash - does not only apply to a certain category of people, including the Plaintiff, **but also affects all depositors and citizens across Lebanon without exception,** noting that these restrictions have paralyzed their social and civil lives and also deprived them of the peaceful and normal use of their deposits, thus taking a measure in order enable a certain category of depositors to transfer money from their accounts to outside the Lebanese territories would create an unjustified discrimination between them and other depositors who suffer from the same violation.

Whereas **on the third hand**, the Plaintiff's intention to transfer USD/192,000/ to Switzerland aiming to help his daughter pay the remaining amount of the price of her apartment there does not pose a serious risk to his rights if the transfer is not made, thus the violation reported is neither clear nor flagrant and doesn't necessitate taking urgent action.

Whereas, according to all of the above, and in the absence of the terms of paragraph two of article 579 of the Code of Civil Procedures, the present lawsuit shall be entirely dismissed,

### Therefore,

it is decided:

**First** – Dismiss the lawsuit entirely,

**Second** – Inflict the Plaintiff Amir ZAKARIA with all the fees and expenses.

A decision issued and assimilated publicly in Jdeidet El Metn on 03/12/2020.

| Judicial Assistant (EL RAHI) | Judge (KARKABI) |
|---|---|
| /signature/ | /signature/ |

---

*True translation of the Arabic text herewith attached.*



| | هامش |
|---|---|

# حكم

## باسم الشعب اللبناني

### إن قاضي الأمور المستعجلة في جديدة المتن

لدى التدقيق،

تبين أنه بتاريخ 2020/7/2 قدم أمير زكريا، وكيله المحامي كريم طربيه، استحضاراً بوجه المدعى عليه مصرف فرنسبك-فرع الدورة طلب من خلاله إلزامه بتحويل مبلغ /192,000/ د.أ. من حسابه رقم /0258USD1791052258102/ إلى حسابه في سويسرا رقم: Swift code: UBPGCHGGXXX- IBAN: CH320865700 تحت طائلة إلزامه بتسديد غرامة إكراهية قدرها /20,000,000/ ل.ل. عن كل يوم تأخير على أن يكون القرار نافذاً على أصله وتضمين المدعى عليه الرسوم والنفقات كافة والعطل والضرر.

وتبين أنه في الجلسة المنعقدة بتاريخ 2020/10/22 لم يحضر أحد عن المدعى عليه فتقرر محاكمته أصولاً، فيما كرر المدعي مطالبه السابقة واختتمت المحاكمة لافهام القرار النهائي.

**بناءً عليه،**

حيث يطلب المدعي امير زكريا من خلال الدعوى الراهنة إلزام المدعى عليه مصرف فرنسبن-فرع الدورة بتحويل مبلغ /192,000/ د.أ. من حساب المدعي رقم /0258USD1791052258102/ إلى حسابه في سويسرا رقم: Swift code: UBPGCHGGXXX- IBAN: CH320865700 تحت طائلة إلزامه بتسديد غرامة إكراهية قدرها /20,000,000/ ل.ل. عن كل يوم تأخير،

وحيث لم يتقدم المدعى عليه بأي جواب في هذه الدعوى، فلا تستجيب المحكمة لمطالب المدعي إلا إذا وجدتها قانونيةً ومبنيةً على أساس صحيح،

وحيث بحسب أحكام الفقرة المذكورة، لقاضي الأمور المستعجلة أن يتخذ التدابير الآيلة إلى إزالة التعدي الواضح على الحقوق أو الأوضاع المشروعة،

٢

وحيث يقتضي البحث في مدى توافر حالة "التعدّي الواضح على الحقوق" الداخل في صلب اختصاص هذا المرجع، من أجل وضع حدّ لها في حال الايجاب،

وحيث يستند المدعي للتقدم بالدعوى الراهنة إلى كونه يملك حساباً لدى المصرف المدعى عليه بمبلغ /١٩٢،٠٠٠/ د.أ. وأنه بتاريخ ٢٠١٩/١٠/٢٥ وأنه أثناء وجوده في لبنان طلب من المدعى عليه خطياً تحويل المبلغ المذكور من حساب المدعي إلى حسابه في جنيف سويسرا وذلك بهدف مساعدة ابنته المقيمة هناك على تسديد المبلغ المتبقي من ثمن شراء شقتها، إلا أن المدعى عليه لم يقم بهذا التحويل، فأرسل المدعي بتاريخ ٢٠١٩/١٢/٢٦ إلى مدير فرع المدعى عليه رسالةً الكترونيةً يذكره فيها بتعليماته السابقة بوجوب تحويل المبلغ ولكن دون جدوى، فأرسل رسالةً ثانيةً إلى المدعى عليه بتاريخ ٢٠٢٠/١/٣١ مرفقةً بإنذار موجه من محاميه في تركيا بضرورة تحويل المبلغ غير أن المدعى عليه لم يحرك ساكناً،

وحيث انطلاقاً مما تقدم، يقتضي التحقق مما إذا كان امتناع المصرف عن تحويل المبلغ العائد للمدعي من حسابه لديه إلى حساب آخر في سويسرا يعتبر تعدياً واضحاً وصارخاً على حقوق المدعي عملاً بأحكام الفقرة الثانية من المادة ٥٧٩ أ.م.م.،

وحيث تجدر الاشارة في هذا السياق إلى أن القضاء المستعجل، وفقاً لما هو مرسوم له من اختصاص ومقرّر له من دور، محصورة سلطته باتخاذ تدبير متى كان التعدي المشكو منه متّصفاً بالوضوح، وإلا فإنه لا يملك أو يتّسع دوره إلى تلك الدرجة التي يذهب فيها ليتصدّى للأساس ويقرّر حقوقاً، أو يرتّب أوضاعاً قانونيةً نهائية، إذ أن لمحكمة الأساس وحدها سلطة التفسير هذه والتمحيص في مضمون أساس النزاع،

وحيث من المعلوم أن النظام المصرفي في لبنان يخوّل المودع فتح حساب لدى أي مصرف يختاره، فيكون هذا الحساب جار أو مجمّد لأجل يتم الاتفاق عليه فيما بينه وبين المصرف بحيث يمكنه سحب أو حتى تحرير كامل المبلغ المودع عند استحقاق الأجل المذكور بالنسبة لهذا النوع من الحسابات، فيما لا توضع أية قيود عليه لسحب أمواله حين يشاء إذا كان الحساب جار،

وحيث بالرغم مما هو مبيّن أعلاه، يتبين **من جهة أولى** أن الوضع الاقتصادي والمالي الذي عصف بلبنان منذ ١٧ تشرين الأول من العام ٢٠١٩ لغاية تاريخه شكّل ظرفاً استثنائياً أدّى إلى فرض قيود مصرفية على حسابات المودعين لدى كافة

٣

المصارف اللبنانية من ناحية نسبة السحب كما وتحويل الأموال إلى خارج الأراضي اللبنانية،

وحيث **من جهة ثانية**، إن التعدي المشكو منه في الملف الراهن- والمتمثل بالقيود المصرفية المفروضة على الودائع والتي تمنع المودعين من سحب حساباتهم بالدولار الأميركي وقبضها نقداً – لا ينطبق على فئة معيّنة من الأشخاص ومن بينهم المدعي فحسب، بل يطال **كافة المودعين والمواطنين في لبنان دون استثناء**، علماً أن هذه القيود شلّت حياتهم الاجتماعية والمهنية وحرمتهم هم أيضاً من استعمال ودائعهم بشكل هادئ وطبيعي، وبالتالي فإن من شأن اتخاذ تدبير متمثل بتمكين فئة من المودعين بتحويل أموال من حساباتهم إلى خارج الأراضي اللبنانية أن تخلق تمييزاً غير مبرّر فيما بينهم وبين سائر المودعين الذين يعانون مثلهم من التعدّي عينه،

وحيث **من جهة ثالثة**، إن الهدف الذي ينوي المدعي من أجله تحويل مبلغ /١٩٢،٠٠٠/ د.أ. إلى سويسرا والمتمثل بمساعدة ابنته على تسديد المبلغ المتبقي من ثمن شقتها هناك لا ينطوي على خطر داهم يهدد حقوقه فيما لو لم يتم هذا التحويل، فيكون التعدي الذي يشكو منه غير واضح وغير صارخ لاتخاذ تدبير مستعجل حياله،

وحيث وفقاً لكل ما تقدم، وفي ظل انتفاء شروط الفقرة الثانية من المادة ٥٧٩ أ.م.م.، تكون الدعوى الراهنة مستوجبة الردّ برمّتها،

لذلك

يقرر:

أولاً- ردّ الدعوى برمّتها،

ثانياً- تضمين المدعي امير زكريا الرسوم والنفقات كافة.

قراراً صدر وأفهم علناً في جديدة المتن بتاريخ ٢٠٢٠/١٢/٣

المساعدة القضائية (الراعي)　　　　　　　　　　　القاضي (كركبي)

قرار
C.C ٤٠٠