# EXHIBIT 35

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br>2020073100306003001EFEA8 |
|---|---|

**RECORDING AND ENDORSEMENT COVER PAGE**    PAGE 1 OF 9

| | |
|---|---|
| **Document ID:** 2020073100306003 | **Document Date:** 07-21-2020    **Preparation Date:** 07-31-2020 |
| **Document Type:** POWER OF ATTORNEY | |
| **Document Page Count:** 8 | |

| PRESENTER: | RETURN TO: |
|---|---|
| METROPOLITAN ABSTRACT CORP<br>AS AGENT FOR FIRST AMERICAN (NY351016)<br>ONE OLD COUNTRY RD, SUITE 140<br>CARLE PLACE, NY 11514<br>516-741-5474<br>AMIRANDA@METROPOLITANABSTRACT.COM | METROPOLITAN ABSTRACT CORP<br>AS AGENT FOR FIRST AMERICAN (NY351016)<br>ONE OLD COUNTRY RD, SUITE 140<br>CARLE PLACE, NY 11514<br>516-741-5474<br>AMIRANDA@METROPOLITANABSTRACT.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1461 | 1129 Entire Lot | PH31 | 400 EAST 67TH STREET |

**Property Type:** SINGLE RESIDENTIAL CONDO UNIT

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1461 | 1140 Entire Lot | SU11 | 400 EAST 67TH STREET |

**Property Type:** STORAGE ROOM

**CROSS REFERENCE DATA**

CRFN_____ or DocumentID_____ or _____Year_____ Reel____ Page_____ or File Number_____

**PARTIES**

| PARTY ONE: | PARTY TWO: |
|---|---|
| JOHNS MOUNTAIN LLC<br>400 EAST 67TH STREET<br>NEW YORK, NY 10065 | BOM OF THE LAUREL CONDOMINIUM<br>400 EAST 67TH STREET<br>NEW YORK, NY 10065 |

**FEES AND TAXES**

| Mortgage: | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 80.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    07-31-2020 16:07
City Register File No.(CRFN):
**2020000217554**

*Annette M Hill*

*City Register Official Signature*

NY 351016

Residential Unit PH3++SU11
Tax Lot: 1129+1140

BOARD OF MANAGERS
THE LAUREL CONDOMINIUM
400 E. 67th St
NY NY 10065

## DOCUMENT 2

### EXHIBIT E TO DECLARATION OF CONDOMINIUM ESTABLISHING The Laurel Condominium

**UNIT OWNER'S POWER OF ATTORNEY**

*[To be Executed in Triplicate]*

This Unit Owner's Power of Attorney is being made as of __July 21, 2020__, by __John's Mountain LLC__ (hereinafter (collectively)* called "**Principal**"), having an (office)* (residence)* address at __400 East 67th Street New York NY__, as owner of the unit designated in the Declaration as Residential Unit __PH3__ ("Unit") PH3+ of The Laurel Condominium, located at 400 East 67th Street, New York, NY, and also designated as Tax Lot SU11 __1129__ in Section __, Block 1461 on the Tax Map, in favor of the individuals who from time to time comprise the +1140 Board of Managers of said Condominium, in their capacity as Board Members, 400 East 67 LLC, the Commercial Unit Owners, each Authorized First Sold Residential Unit Owner and each Sold and Unsold Unit Owner, and each Successor of each such Attorney-in-Fact, as provided in Sections 3 and 7 below.

*\* Delete where inapplicable.*

**TERMS:** The terms of this Unit Owner's Power of Attorney are set forth in Sections 1 through 10, which start on the page immediately following the Acknowledgment entitled "Terms of Unit Owner's Power of Attorney".

### TABLE OF CONTENTS

| Section | Caption | Page |
|---|---|---|
| Section 1. | Definitions | 3 |
| Section 2. | Unit Owned by Principal | 4 |
| Section 3. | Authorization, Appointment and Designation of Agents and Attorneys-in-Fact | 4 |
| Section 4. | Power of Substitution | 6 |
| Section 5. | Unaffected by Disability or Incompetence | 6 |
| Section 6. | Examples of Certain Actions Authorized under Limited Power of Attorney | 7 |
| Section 7. | Successor Attorney-In-Fact and Board Members | 7 |
| Section 8. | Table of Contents and Headings | 7 |
| Section 9. | References | 8 |
| Section 10. | Grammar | 8 |

**AFFIRMATION AND ATTESTATION:** Principal affirms, attests and covenants that this instrument is legal and valid, has been duly authorized by all requisite organizational action, is being duly executed by a duly authorized signatory, and is binding upon and fully enforceable against Principal in accordance with its terms, and may be so relied upon by each "Attorney-in-Fact" (as defined and identified in this instrument).

**PRINCIPAL:**
Signature: X_____
Name: __John's Mountain LLC__

__Marwan Kheireddine__
[Name of Principal]
By: __Marwan Kheireddine__
[Name of Principal's General Partner or Manager/Member]

Signature: _____

[Print Name of Signatory]

Name: _____

[Title of Signatory]

© 2007 Alan L. Kazlow, Esq.
Seyfarth Shaw LLP
All rights reserved.
NY1 26415526.2 / 64767-000007

EXH E-1
DOC 2-1

TERMS OF UNIT OWNER'S POWER OF ATTORNEY

### Section 1. **Definitions**

1.1. The following terms are frequently used in this instrument and will have the respective meanings given to them:

"**Building**": The building known by the street address for the Residential Units of 400 East 67th Street, New York, New York 10021.

"**By-Laws**": The By-Laws of the Condominium set forth as EXHIBIT D to, and recorded together with, the Declaration, as such By-Laws or a provision thereof may be amended from time to time in accordance with its provisions.

"**Condominium**": The condominium which is the subject of the Declaration, known as The Laurel Condominium, and established on the Property by the filing and recording of the Declaration, the By-Laws and the Floor Plans of the Condominium.

"**Declarant**" or "**Sponsor**": 400 East 67 LLC. All references herein to "Sponsor" also shall include an Unsold Unit Owner, whether or not so expressly stated.

"**Declaration**": The instrument entitled "Declaration of Condominium Establishing a Plan for Condominium Ownership of the Premises known as and by the street number for the Residential Units of 400 East 67th Street, New York, New York 10021 and executed by 400 East 67 LLC, as Declarant, and recorded in the New York County Office of the Register of the City of New York on November 3, 2008 in CRFN # 2008000427186, thereby establishing a condominium regime of ownership of the Property under Article 9-B of the Real Property Law of the State of New York, as such Declaration may be amended from time to time in accordance with its provisions by a duly executed and recorded instrument.

"**Land**": The parcel of land on which the Building is located and more particularly described in

Section 2.   **Unit Owned by Principal**

2.1.   Principal is the owner of record of fee title interest in the Unit of the Condominium. The Unit and its Tax Lot identified in the preamble of this Unit Owner's Power of Attorney correspond to the designation of the Unit in the Declaration and on the Floor Plans of the Condominium ("**Floor Plans**") filed with the Real Property Assessment Department of The City of New York and the designation of the Tax Lot of the Unit in Section __, Block 1461 on the Tax Map of the Borough of Manhattan of said Real Property Assessment Department and on said Floor Plans.

Section 3.   **Authorization, Appointment and Designation of Agents and Attorneys-in-Fact**

3.1.   Principal hereby confirms all powers of attorney deemed to have been granted and given by Principal under the Declaration and By-Laws and, in furtherance thereof, Principal reaffirms same, including (without limitation) those set forth below.

3.2.   With the intention to constitute a durable limited power of attorney, Principal does hereby irrevocably authorize, appoint and designate each of the following (each, an "**Attorney-in-Fact**") as agent and Attorney-in-Fact of Principal, "coupled with an interest" and for valuable consideration, with full power of substitution, to act on behalf and as agent of Principal and in the name, place and stead of the Principal in any way which the Principal could do if personally present, to the full extent that Principal is permitted by law to act through an agent, with respect only to all of those matters, transactions and Dispositions stated in the Declaration or By-Laws that each such Attorney-in-Fact has the authority or power to do or perform on behalf and as agent of Principal, including (but not limited to) the following:

(a) each Unit Owner (including Sponsor and the Commercial Unit Owners) and the individuals who shall from time-to-time constitute the members of the Condominium Board (in their capacity as Board Members), severally, as agent and Attorney-in-Fact of Principal, having the right, power and authority to amend the Condominium Documents in accordance with Article 22 of the Declaration and Article 22 of the By-Laws, including an Amendment to reflect a Unit Change of a Unit owned by the applicable Attorney-in-Fact in accordance with Article 13 of the Declaration;

(b) the Sponsor and the individuals who shall from time to time constitute the Condominium Board (in their capacity as Board Members), severally, as agent and Attorney-in-Fact of Principal, having the right, power and authority to grant Utility Easements and Rights and Additional Utility Easements/Rights in accordance with Section 11.11 of the Declaration, or to record a correction Declaration in accordance with Section 21.6 of the Declaration;

(c) the Sponsor, each and every Unsold Unit Owner, the tenants of an Unsold Unit, the Commercial Unit Owners and other Persons who are so expressly authorized by Declarant or an Unsold Unit Owner, severally, as agent and Attorney-in-Fact of Principal, having the right, power and authority to erect and install Communications Equipment and Other Installations on, along and in portions of the Common Elements, and to thereafter inspect use, lease, license, Operate, Repair and Alter same thereon and therein, all as set forth in Section 11.14 of the Declaration; and

(d) the individuals who shall from time-to-time constitute the Condominium Board, in their capacity as Board Members and by resolution of a majority of the then existing Board Members or Residential Board Members attending a duly constituted Board meeting at which a quorum is present or by resolution of the Commercial Board Members (as applicable and as provided in the Declaration or By-Laws), as agent and Attorney-in-Fact of Principal, having the right, power and authority to do the following in the name of the Condominium Board or in the name of Condominium Board's nominee or designee, corporate or otherwise (where applicable and provided in the Declaration or By-Laws):

(d-1) the right, power and authority to exercise, perform, give, grant, delegate and withhold the powers, rights, licenses, easements, leases, subleases, concessions, mortgages, deeds, security interests, collateral, Government Documents, Litigation Documents, instruments, approvals, consents, discretions and judgments expressly authorized in the Condominium Documents (as each may be amended from time-to-time) to be exercised, performed, given, granted, delegated and withheld by the Condominium Board on behalf and as agent of all or certain Unit Owners (as applicable), including in particular (but not limited to) the following rights, powers and authority:

(d-1.1) the right, power and authority to acquire or lease in the name of the Condominium Board or its nominee or designee, corporate or otherwise, on behalf of only the Residential Unit Owners and (only if Storage Units are offered for sale under the Offering Plan) Storage Unit Owners, any Sold Residential Unit and/or Sold Storage Unit, together with its appurtenant Common Interest(s), from any Sold Residential Unit Owner and/or Sold Storage Unit Owner desiring to sell, convey, transfer, assign or lease the same in accordance with the Match Offer Right or Right of First Refusal (as provided in the By-Laws), upon such terms and conditions as shall be approved by the Board, in its sole discretion, but subject to obtaining the approval of a majority in Common Interest of those Residential and Storage Unit Owners attending a duly constituted meeting of such Unit Owners called for such purpose, at which a quorum is present;

(d-1.2) the right, power and authority to acquire in the name of the Condominium Board or its nominee or designee, corporate or otherwise, on behalf of Unit Owners, any Unit, together with its appurtenant Common Interest, whose Owner elects to surrender the same pursuant to subsection 8.11 of the By-Laws;

(d-1.3) the right, power and authority to acquire in the name of the Condominium Board or its nominee or designee, corporate or otherwise, on behalf of all or certain Unit Owners (as applicable), any Unit, together with its appurtenant Common Interest, and other real property, whether at a sale following a foreclosure of the lien for unpaid Common Charges pursuant to the By-Laws and Section 339-aa of the Condominium Act, or to so acquire and purchase a Unit and its appurtenant Common Interest by deed given in lieu of such

foreclosure, or otherwise, and in any such case upon such terms and conditions as shall be approved by the Board in its sole discretion; and

(d-1.4) (after any such acquisition or leasing pursuant to the preceding clause (d-1.1), (d-1.2) or (d-1.3), as applicable) the right, power and authority to convey, sell, lease, mortgage and otherwise deal with (but not vote the interest appurtenant thereto) any such Unit so acquired or purchased by the Board or its nominee or designee, or to sublease any Unit so leased by the Board or its nominee or designee, without the necessity of further authorization by the said Unit Owners, on such terms as the attorneys-in-fact may determine;

(d-2) the right, power and authority to execute, acknowledge, deliver and, if necessary, record any application, document, declaration or other instrument, or any Amendment thereto, affecting:

(d-2.1) the Condominium Association, the Property, the Common Elements or the Association's Properties, or a portion thereof, that the Condominium Board deems necessary or appropriate or is required to so do under the Declaration or the By-Laws in connection with the following: (a) to comply with any Law (including a zoning resolution or variance, or a requirement of a Governmental Authority, such as the Department of Buildings, the City Planning Commission or the Board of Standards and Appeals); or (b) to permit or facilitate the Use and Enjoyment of all or part of the Common Elements or the Association's Properties or the Units by their respective Owners or Permitted Tenants/Occupants/Invitees of Units in accordance with the Condominium Documents; or

(d-2.2) a Unit (including a Sponsor Unit, an Unsold Unit or the Commercial Units) or (if established) its appurtenant Individual Limited Common Element that the Owner of such Unit requests, if required by the Declaration or the By-Laws or if deemed appropriate by said Attorney-in-Fact in its sole and absolute discretion.

Section 4.  **Power of Substitution**

4.1. The power of substitution in the foregoing limited power of attorney in Section 3 includes the full and unqualified authority of each Attorney-in-Fact to delegate any or all of the foregoing powers given or conferred upon such Attorney-in-Fact in Section 3 to any person or persons whom such Attorney-in-Fact shall select.

Section 5.  **Unaffected by Disability or Incompetence**

5.1. The limited power of attorney in Section 3 shall be a durable power of attorney and shall not be affected by the subsequent disability or incompetence of the Principal.

## Section 6. Examples of Certain Actions Authorized under Limited Power of Attorney

6.1. The actions authorized by Principal to be performed by the Condominium Board as Attorney-in-Fact of Principal pursuant to Section 3 include all of the specific powers and duties enumerated in the By-Laws in Section 2.4 thereof.

## Section 7. Successor Attorney-In-Fact and Board Members

7.1. Principal hereby irrevocably gives to, and confers upon, each of the following ("Successor Attorney-in-Fact") all of the powers herein given to, and conferred upon, Sponsor and each Unit Owner (including a Sold or Unsold Unit Owner or the Commercial Unit Owners):

(a) a "successor in interest" of Sponsor or such Unit Owner (as applicable), and each and every successive successor in interest thereof;

(b) a "Designee" of Sponsor or an Unsold Unit Owner or the Commercial Unit Owners (as applicable) with respect only to those of these powers that are so delegated to such Designee and each and every successive successor in interest thereof; and

(c) an "Involuntary Transferee" of each of the foregoing and a successor in interest of such Involuntary Transferee and each and every successive successor in interest thereof.

The quoted terms in the preceding clauses (a), (b) and (c) are defined in Article 28 of the Declaration.

7.2. The designation and appointment of Declarant or an Unsold Unit Owner or the Commercial Unit Owners or a Sold Unit Owner and each Successor Attorney-in-Fact as an Attorney-in-Fact of Principal pursuant to Section 3 and Section 7.1, respectively, shall remain in full force and effect until (but not after) Sponsor or the Person who owns an Unsold Unit or the Commercial Units or a Sold Unit (as applicable) or said Successor Attorney-in-Fact, as applicable, ceases to own any Unit of the Condominium.

7.3. The designation and appointment of the Board Members (in their capacity as Board Members) as Attorney-in-Fact of Principal pursuant to Section 3 shall apply to, inure to the benefit of, and shall be exercisable and enforceable by each and every individual who shall from time to time constitute a member of the Condominium Board, in such individual's capacity as a Board Member.

## Section 8. Table of Contents and Headings

8.1. The Table of Contents and Section headings in this instrument are for convenience and reference only and do not, and shall not be construed to, affect the meaning or interpretation of any provision of this instrument.

Section 9. **References**

9.1. The words "Section", "paragraph" and "clause" or similar words refer to a Section, paragraph and clause of this instrument, unless otherwise expressly stated. Similarly, the words "hereof", "herein", "above", "below" and similar terms mean this instrument.

Section 10. **Grammar**

10.1. Any word or term in this instrument that is: used in the singular, shall include the plural and vice versa; or used in any gender shall include any other gender; or used in any tense (past, present or future), shall include any other tense, whenever required by the sense of this instrument and not contrary to the express context.

---

END OF UNIT OWNER'S POWER OF ATTORNEY

---

## ACKNOWLEDGMENT

State of New York      )
                       ) ss.:
County of __New York__ )

On the __21__ day of __July__ in the year __2020__ before me, the undersigned, a ~~notary public in and for said~~ state, personally appeared __Morwen Kheireddin__, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

*[handwritten: inv]*

IRENE A VAVOULES
Notary Public, State of New York
Registration No. 01VA5088906
Qualified in Suffolk County
Commission Expires December 1, 2021

_____
Notary Public

*[Notary stamp: IRENE A VAVOULES, Notary Public, State of New York, Registration No. 01VA5088906, Qualified in Suffolk County, Commission Expires December 1, 2021]*

State of New York      )
                       ) ss.:
County of _____ )

On the _____ day of _____ in the year _____ before me, the undersigned, a notary public in and for said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

State of New York      )
                       ) ss.:
County of _____ )

On the _____ day of _____ in the year _____ before me, the undersigned, a notary public in and for said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

EXH E-2
DOC 2-2