# EXHIBIT

# 38

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO.: **17-24206-CIV-MARTINEZ-OTAZO-REYES**

LARA GEORGE MANSOUR a/k/a LARA
SAMAHA, Married name;

        Plaintiff,

v.

MONA BACH MANSOUR,
individually;ALEXANDER GEORGE
MANSOUR, individually; ROLLY
GEORGE MANSOUR, individually;
DANY GEORGE MACARON,
individually; FADI WADIH LAYOUN,
individually; RABIH JAMIL
NOUREDDINE, individually;
MOHAMMED ALI BARBAR,
individually; ALI AHMAD BOU
HAMDAN, individually; MARLENE
WADIH LAYOUN, individually; AMIRA
AHMAD MARABOUNI, individually;
SALIM JREISSATI, individually; ZIAD
MEKANNA, individually; SAMIR
HAMMOUD, individually; ZIAD ABO
HAIDAR, individually; and PASCAL
ANTOUN, individually,

        Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, LARA GEORGE MANSOUR a/k/a LARA SAMAHA ("LARA"), by and

through undersigned counsel, hereby alleges:

## PARTIES, JURISDICTION AND VENUE

1.     This Court has jurisdiction under 28 U.S.C. § 1332(a)(2). The Plaintiff is a United

States resident and the Defendants are citizens of a foreign state, Lebanon. Additionally, the

D A N I E L S  R O D R I G U E Z  B E R K E L E Y  D A N I E L S  C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146  ▶  www.drbdc-law.com
T : 3 0 5 . 4 4 8 . 7 9 8 8  F : 3 0 5 . 4 4 8 . 7 9 7 8  T O L L  F R E E :  8 8 8 . 4 4 8 . 7 9 8 8

amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. Furthermore, this Court has personal jurisdiction over the Defendants in this case because the Plaintiff in this matter is seeking money damages for money that originated in the United States, which was stolen from banks that do business in the United States. Additionally, all of the Defendants engage in business in the United States.

 2. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(3) and 1391(f)(4). There is no district in which an action may otherwise be brought; therefore, venue is proper in any judicial district in which any defendant is subject to the Court's personal jurisdiction.

 3. Plaintiff, LARA, is a United States resident.

 4. Under information and belief, Defendant, MONA BACH MANSOUR, is a resident and citizen of Lebanon. Furthermore, MONA BACH MANSOUR is LARA's mother.

 5. Under information and belief, Defendant, ALEXANDER GEORGE MANSOUR, is a resident and citizen of Lebanon. Furthermore, ALEXANDER GEORGE MANSOUR is LARA's brother.

 6. Under information and belief, Defendant, ROLLY GEORGE MANSOUR, is a resident and citizen of Lebanon. Furthermore, ROLLY GEORGE MANSOUR is LARA's sister.

 7. Under information and belief, Defendant, DANY GEORGE MACARON, is a resident and citizen of Lebanon.

 8. Under information and belief, Defendant, FADI WADIH LAYOUN, is a resident and citizen of Lebanon.

 9. Under information and belief, Defendant, RABIH JAMIL NOUREDDINE, is a resident and citizen of Lebanon.

 10. Under information and belief, Defendant, MOHAMMED ALI BARBAR, is a resident and citizen of Lebanon.

D A N I E L S  R O D R I G U E Z  B E R K E L E Y  D A N I E L S  C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146 ▶ www.drbdc-law.com
T: 305.448.7988 F: 305.448.7978 TOLL FREE: 888.448.7988

11.     Under information and belief, Defendant, ALI AHMAD BOU HAMDAN, is a resident and citizen of Lebanon.

12.     Under information and belief, Defendant, MARLENE WADIH LAYOUN, is a resident and citizen of Lebanon.

13.     Under information and belief, Defendant, AMIRA AHMAD MARABOUNI, is a resident and citizen of Lebanon.

14.     Defendant, ZIAD MEKANNA, is the Presiding Judge in LARA's Lebanon legal action. Defendant, ZIAD MEKANNA is a Lebanon resident and citizen.

15.     Defendant, SAMIR HAMMOUD, is a Lebanon Prosecutor, and is a Lebanon resident and citizen.

16.     Defendant, ZIAD ABO HAIDAR, is a Lebanon Prosecutor, and is a Lebanon resident and citizen.

17.     Defendant, SALIM JREISSATI, is the Lebanon Minister of Justice, and is a resident and citizen of Lebanon.

18.     Defendant, PASCAL ANTOUN, is the personal assistant of SALIM JREISSATI at the Lebanese Department of Justice and the personal "Messenger" of SALIM JREISSATI.

## FACTS

19.     LARA's father, George Mansour ("GEORGE"), and LARA's aunt, Evelyn Mansour ("EVELYN"), have substantial assets in the form of currency and land, both of which are in Lebanon.

20.     The total estate of GEORGE and EVELYN between land and cash is estimated to be approximately Fifteen Million U.S. Dollars ($15,000,000).

21.     Unfortunately, other family members of LARA, including MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

conspired together to abscond with the currency as well as put together a series of fake sales contracts for the land in order to unlawfully take possession of the assets and deprived LARA of the benefit of these assets as desired by GEORGE and EM.

22.     Specifically, on August 1, 2013, EVELYN died and left a Will dated December 18, 1977, wherein all of EVELYN's assets were to be distributed to her brother, GEORGE, who is also LARA's father.

23.     On August 27, 2014, the Lebanon court provided its approval and made the "Evelyn Mansour Will" legal[1].

24.     On September 28, 2014, GEORGE died, and because GEORGE had no will, his estate was divided by law as follows:

> 25% to Wife, Mona Mansour, and, 75% divided equally to each of his three (3) children, LARA, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR (25% each).

25.     Therefore, LARA is entitled to 25% of EVELYN and GEORGE's estate.

26.     In or around October 2014, LARA discovered that her mother, brother, and sister were taking advantage of LARA, who is residing in the United States.

27.     Specifically, as explained in the foregoing, LARA's mother, brother, and sister took approximately Twelve Million Dollars ($12,000,000) from banks where EVELYN and GEORGE kept their personal finances, as well as where their companies had their money deposited. This was accomplished through a fabricated and forged power of attorney on behalf of GEORGE. In addition, the properties owned by GEORGE and EVELYN were either sold or

---

[1] LARA is under the information and belief that EVELYN has a more recent Will, wherein LARA was the sole beneficiary, but admittedly, LARA is unable to locate it as her family is withholding it for their own benefit.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ►  www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

transferred illegally to unknown buyers with fake purchase/contracts, showing ten percent (10%) of the property value[2].

28.     Defendants, MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR, have had substantial assistance in putting together the scheme to defraud LARA of the family assets.

29.     These individuals include but are not limited to, Defendants, DANY GEORGE MACARON (a local Lebanese attorney working with the mother, brother, and sister); FADI WADIH LAYOUN (LARA's cousin); RABIH JAMIL NOUREDDINE; MOHAMMED ALI BARBAR; MARLENE WADIH LAYOUN and AMIRA AHMAD MARABOUNI; as well as Lebanon Minister of Justice, SALIM JREISSATI; Lebanon Presiding Judge, ZIAD MEKANNA; Lebanon Prosecutor, SAMIR HAMMOUD; Lebanon Prosecutor, ZIAD ABO HAIDAR and PASCAL ANTOUN who is SALIM JREISSATI's personal assistant at the Lebanese Department of Justice and his personal "Messenger" which SALIM JREISSATI sends to various judges to close, delay, or manipulate the outcome of plaintiff LARA MANSOUR Lawsuit .

30.     These individuals which include a the Justice Minister, a presiding judge, Lebanon prosecutors, lawyer, local politicians and people of local influence with the government have all assisted MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR in illegally and unlawfully absconding with EVELYN and GEORGE's currency and land, and have intentionally and willfully deprived LARA of the benefit of these assets despite her father's Will bequeathing same to LARA.

31.     Demands by LARA to MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR to return the stolen assets have gone

---

[2] It is important to note that the mother, brother, and sister used Defendants, DANY GEORGE MACARON and FADI WADIH LAYOUN, both of whom have connections to government officials who are "tainted," to assist them in orchestrating the theft, forgery, and the laundering of the money and all assets, leaving LARA with zero dollars ($0).

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

unanswered, despite repeated requests for them to do so. As such, it was reported to local authorities in Lebanon.

32.     In the Fall of 2015, Prosecutor, Dany Charabieh, filed charges for theft and related charges against MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR and asked the presiding judge for enforcement of the investigation of the above stated scheme to defraud and to order the arrest of MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR. Unfortunately, there has been corruption, bribery and manipulation of the Lebanese legal system lead by SALIM JREISSATI, which has prevented LARA from being able to proceed further with pursuing charges and obtaining or recovering a portion or all of her father's Estate and currency.

33.     Specifically, the presiding judge, ZIAD MEKANNA and Prosecutor for the past two (2) years have not taken effective, immediate, or any efforts whatsoever to pursue a serious and efficient investigation by the detectives of the scheme to defraud.  Furthermore, SAMIR HAMOUD has confiscated all court documents related to LARA's case and Prosecutor, ZIAD ABO HAIDAR illegally filed charges against LARA in an attempt to force LARA to drop her lawsuits by intimidation. No arrest or investigation of MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR have proceeded forward in any meaningful manner to allow LARA to pursue prosecution of the criminal activity described herein despite the fact that Defendant, MONA MANSOUR admitted in court to forging the power of attorney on behalf GEORGE. Additionally, Defendant, ALEXANDER MANSOUR, who served as GEORGE's company manager, has refused to provide any information regarding company bookkeeping, bank accounts and statements, and the embezzlement of Twelve Million Dollars ($12,000,000). When MONA BACH MANSOUR,

DANIELS  RODRIGUEZ  BERKELEY  DANIELS  CRUZ
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146    ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8    F : 3 0 5 . 4 4 8 . 7 9 7 8    T O L L   F R E E :    8 8 8 . 4 4 8 . 7 9 8 8

ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR were interrogated in the Lebanon lawsuit, their testimony was riddled with discrepancies and nonsensical explanations. Furthermore, all Defendants have refused to provide any Bank accounts and Passports which are critical to the investigations.

34. In May of 2017, Justice Minister, SELIM JREISATI demanded that LARA's legal cases be treated internally without any knowledge of any United States personnel. Furthermore, SALIM JREISSATI, has given the directive that no arrest is permissible against any of the defendants in the Lebanon lawsuit.

35. May of 2017, Prosecutor, BOU HAIDAR, filed frivolous criminal charges against LARA in an attempt to force her to drop all of her legal cases through intimidation and corruption. These frivolous charges were initiated after the Lebanese justice department received a second letter from the undersigned counsel. In response to receiving the undersigned's second letter, Justice Minister, SELIM JREISATI, assured United States Ambassador, Elisabeth Richard, that all illegal activities that have taken place were being corrected.

36. Most recently, upon information and belief of Plaintiff, on Feb 2018 and after general prosecutor judge Ghada Aoun issued her final judgement and ordered the arrest and the prosecution of all defendants under all counts indicated in LARA MANSOUR lawsuit including forgery, conspiracy, embezzlement and fraud, defendant PASCAL ANTOUN received direct order from defendant SALIM JREISSATI to immediately organize the dismissal of the 2 years old main criminal lawsuit and to collaborate with the presiding judge defendant ZIAD MEKANNA and defendant Dany Maacaron. As requested, presiding judge ZIAD MEKANNA dismissed the entire case later that week. His decision was immediately appealed by the general prosecutor judge Ghada Aoun accusing ZIAD MEKANNA of not properly doing his job and

deliberately ignoring all the facts that are included in the file. The appeal is on going as of the date of this filing. Plaintiff LARA MANSOUR is still waiting for the appeal panel final decision.

37.     Under information and belief, Justice Minister, SELIM JREISATI, has been threatening local Lebanese prosecutors and judges through his messenger PASCAL ANTOUN that their jobs are at stake if they do not prevent LARA from receiving a fair day in court. These threats by SELIM JREISATI have caused Judge ZIAD MEKANNA to prevent LARA's Lebanon attorneys from accessing MONA BACH MANSOUR, ALEXANDER GEORGE MANSOUR, and ROLLY GEORGE MANSOUR's bank accounts and review their passports' entry/exit stamps, which is a relevant and crucial piece to the investigation.

38.     Furthermore, Lebanon court documents have been continuously confiscated by Prosecutor, SAMIR HAMMOUD, whereby preventing LARA's Lebanon attorneys to properly investigate the matter.

39.     Under information and belief, DANY GEORGE MACARON and FADI WADIH LAYOUN have connections with Lebanese government officials, specifically, SALIM JREISSATI and others, who are part of the fraud themselves or potentially assisting in the scheme to defraud as explained in the foregoing at a minimum. Furthermore, under information and belief, thousands of dollars are being paid to DANY GEORGE MACARON and FADI WADIH LAYOUN by the mother, brother and sister in order to manipulate the judicial system so as to not have any further action take place.

40.     Based upon the continuous roadblocks and lack of action taken by the Lebanese officials, LARA has no other option but to engage the undersigned counsel and bring the scheme

to defraud her to justice[3]. Moreover, it is Plaintiff's intent to provide any and all information obtained in this case over to the appropriate authorities so as to pursue criminal prosecution.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (MONA BACH MANSOUR)

41.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

42.     MONA BACH MANSOUR made a false representation concerning a material fact.

43.     MONA BACH MANSOUR had knowledge regarding the representations being made to LARA were false.

44.     MONA BACH MANSOUR intended for LARA to rely on MONA BACH MANSOUR's misrepresentations.

45.     LARA relied upon MONA BACH MANSOUR's false representation to her detriment.

46.     MONA BACH MANSOUR's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon MONA BACH MANSOUR's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against MONA BACH MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (MONA BACH MANSOUR)

47.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

48.     MONA BACH MANSOUR made a false statement(s) to LARA concerning a material fact(s).

---

[3] It is important to note that Lebanon is rated ad one of the most corrupted countries in the world. (Rank 136/176; Score 28/100), includes a Corruption Minister in its government.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

49.     MONA BACH MANSOUR had knowledge that the representation(s) is false.

50.     MONA BACH MANSOUR intended that the representation induced LARA to act on it.

51.     Consequentially, LARA has been injured in acting in reliance on MONA BACH MANSOUR's representation(s).

WHEREFORE, undersigned counsel demands judgment against MONA BACH MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT III – FORGERY
### (MONA BACH MANSOUR)

52.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

53.     Defendant, MONA BACH MANSOUR participated in the making of a writing that falsely purports to be the writing of another.

54.     Defendant, MONA BACH MANSOUR participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

55.     As a result of the writing prepared by MONA BACH MANSOUR, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against MONA BACH MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT IV – CONSPIRACY
### (MONA BACH MANSOUR)

56.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

57.     MONA BACH MANSOUR entered into an agreement, which consisted of an agreement between two or more people.

58.     The agreement entered into by MONA BACH MANSOUR involved doing an unlawful act or to do a lawful act by unlawful means.

59.     MONA BACH MANSOUR engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

60.     As a result of the acts done by MONA BACH MANSOUR under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against MONA BACH MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
## (MONA BACH MANSOUR)

61.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

62.     LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

63.     Defendant, MONA BACH MANSOUR has deprived LARA of the assets she is entitled to.

64.     LARA has made demands upon Defendant, MONA BACH MANSOUR to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against MONA BACH MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
## (MONA BACH MANSOUR)

65.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

66.     A trust must be constructed in equity due to MONA BACH MANSOUR's abuse of a confidential relationship with GEORGE.

67.     A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

68.     However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

69.     MONA BACH MANSOUR had a confidential relationship with GEORGE.

70.     MONA BACH MANSOUR has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against MONA BACH MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (ALEXANDER GEORGE MANSOUR)

71.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

72.     ALEXANDER GEORGE MANSOUR made a false representation concerning a material fact.

73.     ALEXANDER GEORGE MANSOUR had knowledge regarding the representations being made to LARA were false.

74.     ALEXANDER GEORGE MANSOUR intended for LARA to rely on ALEXANDER GEORGE MANSOUR's misrepresentations.

75.     LARA relied upon ALEXANDER GEORGE MANSOUR's false representation to her detriment.

76.     ALEXANDER GEORGE MANSOUR's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon ALEXANDER GEORGE MANSOUR's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against ALEXANDER GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (ALEXANDER GEORGE MANSOUR)

77.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

78.     ALEXANDER GEORGE MANSOUR made a false statement(s) to LARA concerning a material fact(s).

79.     ALEXANDER GEORGE MANSOUR had knowledge that the representation(s) is false.

80.     ALEXANDER GEORGE MANSOUR intended that the representation induced LARA to act on it.

81.     Consequentially, LARA has been injured in acting in reliance on ALEXANDER GEORGE MANSOUR's representation(s).

WHEREFORE, undersigned counsel demands judgment against ALEXANDER GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (ALEXANDER GEORGE MANSOUR)

82.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

83.     Defendant, ALEXANDER GEORGE MANSOUR participated in the making of a writing that falsely purports to be the writing of another.

84.     Defendant, ALEXANDER GEORGE MANSOUR participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

85.     As a result of the writing prepared by ALEXANDER GEORGE MANSOUR, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ALEXANDER GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (ALEXANDER GEORGE MANSOUR)

86.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

87.     ALEXANDER GEORGE MANSOUR entered into an agreement, which consisted of an agreement between two or more people.

88.     The agreement entered into by ALEXANDER GEORGE MANSOUR involved doing an unlawful act or to do a lawful act by unlawful means.

89.     ALEXANDER GEORGE MANSOUR engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

90.     As a result of the acts done by ALEXANDER GEORGE MANSOUR under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ALEXANDER GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (ALEXANDER GEORGE MANSOUR)

91.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

92.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

93.    Defendant, ALEXANDER GEORGE MANSOUR has deprived LARA of the assets she is entitled to.

94.    LARA has made demands upon Defendant, ALEXANDER GEORGE MANSOUR to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against ALEXANDER GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (ALEXANDER GEORGE MANSOUR)

95.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

96.    A trust must be constructed in equity due to ALEXANDER GEORGE MANSOUR's abuse of a confidential relationship with GEORGE.

97.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

98.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8    F : 3 0 5 . 4 4 8 . 7 9 7 8    T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

99.     ALEXANDER GEORGE MANSOUR had a confidential relationship with GEORGE.

100.    ALEXANDER GEORGE MANSOUR has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against ALEXANDER GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (ROLLY GEORGE MANSOUR)

101.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

102.    ROLLY GEORGE MANSOUR made a false representation concerning a material fact.

103.    ROLLY GEORGE MANSOUR had knowledge regarding the representations being made to LARA were false.

104.    ROLLY GEORGE MANSOUR intended for LARA to rely on ROLLY GEORGE MANSOUR's misrepresentations.

105.    LARA relied upon ROLLY GEORGE MANSOUR's false representation to her detriment.

106.    ROLLY GEORGE MANSOUR's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon ROLLY GEORGE MANSOUR's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against ROLLY GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (ROLLY GEORGE MANSOUR)

107.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

108.    ROLLY GEORGE MANSOUR made a false statement(s) to LARA concerning a material fact(s).

109.    ROLLY GEORGE MANSOUR had knowledge that the representation(s) is false.

110.    ROLLY GEORGE MANSOUR intended that the representation induced LARA to act on it.

111.    Consequentially, LARA has been injured in acting in reliance on ROLLY GEORGE MANSOUR's representation(s).

WHEREFORE, undersigned counsel demands judgment against ROLLY GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (ROLLY GEORGE MANSOUR)

112.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

113.    Defendant, ROLLY GEORGE MANSOUR participated in the making of a writing that falsely purports to be the writing of another.

114.    Defendant, ROLLY GEORGE MANSOUR participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

115.    As a result of the writing prepared by ROLLY GEORGE MANSOUR, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ROLLY GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (ROLLY GEORGE MANSOUR)

116.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

117.    ROLLY GEORGE MANSOUR entered into an agreement, which consisted of an agreement between two or more people.

118.    The agreement entered into by ROLLY GEORGE MANSOUR involved doing an unlawful act or to do a lawful act by unlawful means.

119.    ROLLY GEORGE MANSOUR engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

120.    As a result of the acts done by ROLLY GEORGE MANSOUR under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ROLLY GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (ROLLY GEORGE MANSOUR)

121.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

122.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

123.    Defendant, ROLLY GEORGE MANSOUR has deprived LARA of the assets she is entitled to.

124.    LARA has made demands upon Defendant, ROLLY GEORGE MANSOUR to return the stolen assets. However, these demands have gone unanswered.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146    ► www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

WHEREFORE, undersigned counsel demands judgment against ROLLY GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (ROLLY GEORGE MANSOUR)

125.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

126.    A trust must be constructed in equity due to ROLLY GEORGE MANSOUR's abuse of a confidential relationship with GEORGE.

127.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

128.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

129.    ROLLY GEORGE MANSOUR had a confidential relationship with GEORGE.

130.    ROLLY GEORGE MANSOUR has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against ROLLY GEORGE MANSOUR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (DANY GEORGE MACARON)

131.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

132.    DANY GEORGE MACARON made a false representation concerning a material fact.

133.    DANY GEORGE MACARON had knowledge regarding the representations being made to LARA were false.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

134.     DANY GEORGE MACARON intended for LARA to rely on DANY GEORGE MACARON's misrepresentations.

135.     LARA relied upon DANY GEORGE MACARON's false representation to her detriment.

136.     DANY GEORGE MACARON's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon DANY GEORGE MACARON's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against DANY GEORGE MACARON, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
## (DANY GEORGE MACARON)

137.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

138.     DANY GEORGE MACARON made a false statement(s) to LARA concerning a material fact(s).

139.     DANY GEORGE MACARON had knowledge that the representation(s) is false.

140.     DANY GEORGE MACARON intended that the representation induced LARA to act on it.

141.     Consequentially, LARA has been injured in acting in reliance on DANY GEORGE MACARON's representation(s).

WHEREFORE, undersigned counsel demands judgment against DANY GEORGE MACARON, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### III – FORGERY
### (DANY GEORGE MACARON)

142.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

143.    Defendant, DANY GEORGE MACARON participated in the making of a writing that falsely purports to be the writing of another.

144.    Defendant, DANY GEORGE MACARON participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

145.    As a result of the writing prepared by DANY GEORGE MACARON, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against DANY GEORGE MACARON, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT IV – CONSPIRACY
### (DANY GEORGE MACARON)

146.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

147.    DANY GEORGE MACARON entered into an agreement, which consisted of an agreement between two or more people.

148.    The agreement entered into by DANY GEORGE MACARON involved doing an unlawful act or to do a lawful act by unlawful means.

149.    DANY GEORGE MACARON engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

150.    As a result of the acts done by DANY GEORGE MACARON under the conspiracy, LARA has been damaged.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146    ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

WHEREFORE, undersigned counsel demands judgment against DANY GEORGE MACARON, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (DANY GEORGE MACARON)

151.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

152.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

153.    Defendant, DANY GEORGE MACARON has deprived LARA of the assets she is entitled to.

154.    LARA has made demands upon Defendant, DANY GEORGE MACARON to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against DANY GEORGE MACARON, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (DANY GEORGE MACARON)

155.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

156.    A trust must be constructed in equity due to DANY GEORGE MACARON's abuse of a confidential relationship with GEORGE.

157.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

158.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

159.    DANY GEORGE MACARON had a confidential relationship with GEORGE.

160.    DANY GEORGE MACARON has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against DANY GEORGE MACARON, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (FADI WADIH LAYOUN)

161.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

162.    FADI WADIH LAYOUN made a false representation concerning a material fact.

163.    FADI WADIH LAYOUN had knowledge regarding the representations being made to LARA were false.

164.    FADI WADIH LAYOUN intended for LARA to rely on FADI WADIH LAYOUN's misrepresentations.

165.    LARA relied upon FADI WADIH LAYOUN's false representation to her detriment.

166.    FADI WADIH LAYOUN's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon FADI WADIH LAYOUN's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against FADI WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (FADI WADIH LAYOUN)

167.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

168.    FADI WADIH LAYOUN made a false statement(s) to LARA concerning a material fact(s).

169.    FADI WADIH LAYOUN had knowledge that the representation(s) is false.

170.    FADI WADIH LAYOUN intended that the representation induced LARA to act on it.

171.    Consequentially, LARA has been injured in acting in reliance on FADI WADIH LAYOUN's representation(s).

WHEREFORE, undersigned counsel demands judgment against FADI WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (FADI WADIH LAYOUN)

172.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

173.    Defendant, FADI WADIH LAYOUN participated in the making of a writing that falsely purports to be the writing of another.

174.    Defendant, FADI WADIH LAYOUN participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

175.    As a result of the writing prepared by FADI WADIH LAYOUN, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against FADI WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

## COUNT IV – CONSPIRACY
### (FADI WADIH LAYOUN)

176.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

177.    FADI WADIH LAYOUN entered into an agreement, which consisted of an agreement between two or more people.

178.    The agreement entered into by FADI WADIH LAYOUN involved doing an unlawful act or to do a lawful act by unlawful means.

179.    FADI WADIH LAYOUN engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

180.    As a result of the acts done by FADI WADIH LAYOUN under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against FADI WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (FADI WADIH LAYOUN)

181.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

182.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

183.    Defendant, FADI WADIH LAYOUN has deprived LARA of the assets she is entitled to.

184.    LARA has made demands upon Defendant, FADI WADIH LAYOUN to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against FADI WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (FADI WADIH LAYOUN)

185.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

186.    A trust must be constructed in equity due to FADI WADIH LAYOUN's abuse of a confidential relationship with GEORGE.

187.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

188.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

189.    FADI WADIH LAYOUN had a confidential relationship with GEORGE.

190.    FADI WADIH LAYOUN has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against FADI WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (RABIH JAMIL NOUREDDINE)

191.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

192.    RABIH JAMIL NOUREDDINE made a false representation concerning a material fact.

193.    RABIH JAMIL NOUREDDINE had knowledge regarding the representations being made to LARA were false.

194.   RABIH JAMIL NOUREDDINE intended for LARA to rely on RABIH JAMIL NOUREDDINE's misrepresentations.

195.   LARA relied upon RABIH JAMIL NOUREDDINE's false representation to her detriment.

196.   RABIH JAMIL NOUREDDINE's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon RABIH JAMIL NOUREDDINE's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against RABIH JAMIL NOUREDDINE, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
## (RABIH JAMIL NOUREDDINE)

197.   Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

198.   RABIH JAMIL NOUREDDINE made a false statement(s) to LARA concerning a material fact(s).

199.   RABIH JAMIL NOUREDDINE had knowledge that the representation(s) is false.

200.   RABIH JAMIL NOUREDDINE intended that the representation induced LARA to act on it.

201.   Consequentially, LARA has been injured in acting in reliance on RABIH JAMIL NOUREDDINE's representation(s).

WHEREFORE, undersigned counsel demands judgment against RABIH JAMIL NOUREDDINE, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

### COUNT III – FORGERY
### (RABIH JAMIL NOUREDDINE)

202.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

203.    Defendant, RABIH JAMIL NOUREDDINE participated in the making of a writing that falsely purports to be the writing of another.

204.    Defendant, RABIH JAMIL NOUREDDINE participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

205.    As a result of the writing prepared by RABIH JAMIL NOUREDDINE, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against RABIH JAMIL NOUREDDINE, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT IV – CONSPIRACY
### (RABIH JAMIL NOUREDDINE)

206.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

207.    RABIH JAMIL NOUREDDINE entered into an agreement, which consisted of an agreement between two or more people.

208.    The agreement entered into by RABIH JAMIL NOUREDDINE involved doing an unlawful act or to do a lawful act by unlawful means.

209.    RABIH JAMIL NOUREDDINE engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

210.    As a result of the acts done by RABIH JAMIL NOUREDDINE under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against RABIH JAMIL NOUREDDINE, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT V – CONVERSION
### (RABIH JAMIL NOUREDDINE)

211.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

212.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

213.    Defendant, RABIH JAMIL NOUREDDINE has deprived LARA of the assets she is entitled to.

214.    LARA has made demands upon Defendant, RABIH JAMIL NOUREDDINE to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against RABIH JAMIL NOUREDDINE, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT VI – CONSTRUCTIVE TRUST
### (RABIH JAMIL NOUREDDINE)

215.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

216.    A trust must be constructed in equity due to RABIH JAMIL NOUREDDINE's abuse of a confidential relationship with GEORGE.

217.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LS.

218.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

219.    RABIH JAMIL NOUREDDINE had a confidential relationship with GEORGE.

220.    RABIH JAMIL NOUREDDINE has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against RABIH JAMIL NOUREDDINE, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (MOHAMMED ALI BARBAR)

221.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

222.    MOHAMMED ALI BARBAR made a false representation concerning a material fact.

223.    MOHAMMED ALI BARBAR had knowledge regarding the representations being made to LARA were false.

224.    MOHAMMED ALI BARBAR intended for LARA to rely on MOHAMMED ALI BARBAR's misrepresentations.

225.    LARA relied upon MOHAMMED ALI BARBAR's false representation to her detriment.

226.    MOHAMMED ALI BARBAR's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon MOHAMMED ALI BARBAR's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against MOHAMMED ALI BARBAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8    F : 3 0 5 . 4 4 8 . 7 9 7 8    T O L L   F R E E :    8 8 8 . 4 4 8 . 7 9 8 8

## COUNT II – FRAUD
### (MOHAMMED ALI BARBAR)

227.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

228.    MOHAMMED ALI BARBAR made a false statement(s) to LARA concerning a material fact(s).

229.    MOHAMMED ALI BARBAR had knowledge that the representation(s) is false.

230.    MOHAMMED ALI BARBAR intended that the representation induced LARA to act on it.

231.    Consequentially, LARA has been injured in acting in reliance on MOHAMMED ALI BARBAR's representation(s).

WHEREFORE, undersigned counsel demands judgment against MOHAMMED ALI BARBAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (MOHAMMED ALI BARBAR)

232.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

233.    Defendant, MOHAMMED ALI BARBAR participated in the making of a writing that falsely purports to be the writing of another.

234.    Defendant, MOHAMMED ALI BARBAR participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

235.    As a result of the writing prepared by MOHAMMED ALI BARBAR, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against MOHAMMED ALI BARBAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

## COUNT IV – CONSPIRACY
### (MOHAMMED ALI BARBAR)

236.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

237.    MOHAMMED ALI BARBAR entered into an agreement, which consisted of an agreement between two or more people.

238.    The agreement entered into by MOHAMMED ALI BARBAR involved doing an unlawful act or to do a lawful act by unlawful means.

239.    MOHAMMED ALI BARBAR engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

240.    As a result of the acts done by MOHAMMED ALI BARBAR under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against MOHAMMED ALI BARBAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (MOHAMMED ALI BARBAR)

241.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

242.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

243.    Defendant, MOHAMMED ALI BARBAR has deprived LARA of the assets she is entitled to.

244.    LARA has made demands upon Defendant, MOHAMMED ALI BARBAR to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against MOHAMMED ALI BARBAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (MOHAMMED ALI BARBAR)

245. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

246. A trust must be constructed in equity due to MOHAMMED ALI BARBAR's abuse of a confidential relationship with GEORGE.

247. A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

248. However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

249. MOHAMMED ALI BARBAR had a confidential relationship with GEORGE.

250. MOHAMMED ALI BARBAR has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against MOHAMMED ALI BARBAR plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (ALI AHMAD BOU HAMDAN)

251. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

252. ALI AHMAD BOU HAMDAN made a false representation concerning a material fact.

253. ALI AHMAD BOU HAMDAN had knowledge regarding the representations being made to LARA were false.

254.    ALI AHMAD BOU HAMDAN intended for LARA to rely on ALI AHMAD BOU HAMDAN's misrepresentations.

255.    LARA relied upon ALI AHMAD BOU HAMDAN's false representation to her detriment.

256.    ALI AHMAD BOU HAMDAN's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon ALI AHMAD BOU HAMDAN's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against ALI AHMAD BOU HAMDAN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
## (ALI AHMAD BOU HAMDAN)

257.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

258.    ALI AHMAD BOU HAMDAN made a false statement(s) to LARA concerning a material fact(s).

259.    ALI AHMAD BOU HAMDAN had knowledge that the representation(s) is false.

260.    ALI AHMAD BOU HAMDAN intended that the representation induced LARA to act on it.

261.    Consequentially, LARA has been injured in acting in reliance on ALI AHMAD BOU HAMDAN's representation(s).

WHEREFORE, undersigned counsel demands judgment against ALI AHMAD BOU HAMDAN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

## COUNT III – FORGERY
### (ALI AHMAD BOU HAMDAN)

262. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

263. Defendant, ALI AHMAD BOU HAMDAN participated in the making of a writing that falsely purports to be the writing of another.

264. Defendant, ALI AHMAD BOU HAMDAN participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

265. As a result of the writing prepared by ALI AHMAD BOU HAMDAN, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ALI AHMAD BOU HAMDAN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (ALI AHMAD BOU HAMDAN)

266. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

267. ALI AHMAD BOU HAMDAN entered into an agreement, which consisted of an agreement between two or more people.

268. The agreement entered into by ALI AHMAD BOU HAMDAN involved doing an unlawful act or to do a lawful act by unlawful means.

269. ALI AHMAD BOU HAMDAN engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

270. As a result of the acts done by ALI AHMAD BOU HAMDAN under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ALI AHMAD BOU HAMDAN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (ALI AHMAD BOU HAMDAN)

271.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

272.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

273.    Defendant, ALI AHMAD BOU HAMDAN has deprived LARA of the assets she is entitled to.

274.    LARA has made demands upon Defendant, ALI AHMAD BOU HAMDAN to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against ALI AHMAD BOU HAMDAN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (ALI AHMAD BOU HAMDAN)

275.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

276.    A trust must be constructed in equity due to ALI AHMAD BOU HAMDAN's abuse of a confidential relationship with GEORGE.

277.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

278.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

279.    ALI AHMAD BOU HAMDAN had a confidential relationship with GEORGE.

280.    ALI AHMAD BOU HAMDAN has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against ALI AHMAD BOU HAMDAN plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (MARLENE WADIH LAYOUN)

281.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

282.    MARLENE WADIH LAYOUN made a false representation concerning a material fact.

283.    MARLENE WADIH LAYOUN had knowledge regarding the representations being made to LARA were false.

284.    MARLENE WADIH LAYOUN intended for LARA to rely on MARLENE WADIH LAYOUN's misrepresentations.

285.    LARA relied upon MARLENE WADIH LAYOUN's false representation to her detriment.

286.    MARLENE WADIH LAYOUN's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon MARLENE WADIH LAYOUN's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against MARLENE WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ▶ www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

## COUNT II – FRAUD
### (MARLENE WADIH LAYOUN)

287.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

288.     MARLENE WADIH LAYOUN made a false statement(s) to LARA concerning a material fact(s).

289.     MARLENE WADIH LAYOUN had knowledge that the representation(s) is false.

290.     MARLENE WADIH LAYOUN intended that the representation induced LARA to act on it.

291.     Consequentially, LARA has been injured in acting in reliance on MARLENE WADIH LAYOUN's representation(s).

WHEREFORE, undersigned counsel demands judgment against MARLENE WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (MARLENE WADIH LAYOUN)

292.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

293.     Defendant, MARLENE WADIH LAYOUN participated in the making of a writing that falsely purports to be the writing of another.

294.     Defendant, MARLENE WADIH LAYOUN participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

295.     As a result of the writing prepared by WADIH LAYOUN, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against MARLENE WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT IV – CONSPIRACY
### (MARLENE WADIH LAYOUN)

296.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

297.    MARLENE WADIH LAYOUN entered into an agreement, which consisted of an agreement between two or more people.

298.    The agreement entered into by MARLENE WADIH LAYOUN involved doing an unlawful act or to do a lawful act by unlawful means.

299.    MARLENE WADIH LAYOUN engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

300.    As a result of the acts done by MARLENE WADIH LAYOUN under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against MARLENE WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT V – CONVERSION
### (MARLENE WADIH LAYOUN)

301.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

302.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

303.    Defendant, MARLENE WADIH LAYOUN has deprived LARA of the assets she is entitled to.

304.    LARA has made demands upon Defendant, MARLENE WADIH LAYOUN to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against MARLENE WADIH LAYOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT VI – CONSTRUCTIVE TRUST
### (MARLENE WADIH LAYOUN)

305.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

306.    A trust must be constructed in equity due to MARLENE WADIH LAYOUN's abuse of a confidential relationship with GEORGE.

307.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

308.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

309.    MARLENE WADIH LAYOUN had a confidential relationship with GEORGE.

310.    MARLENE WADIH LAYOUN has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against MARLENE WADIH LAYOUN plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT I - FRAUDULENT MISREPRESENTATION
### (AMIRA AHMAD MARABOUNI)

311.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

312.    AMIRA AHMAD MARABOUNI made a false representation concerning a material fact.

313.    AMIRA AHMAD MARABOUNI had knowledge regarding the representations being made to LARA were false.

314. AMIRA AHMAD MARABOUNI intended for LARA to rely on AMIRA AHMAD MARABOUNI's misrepresentations.

315. LARA relied upon AMIRA AHMAD MARABOUNI's false representation to her detriment.

316. AMIRA AHMAD MARABOUNI's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon AMIRA AHMAD MARABOUNI's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against AMIRA AHMAD MARABOUNI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
## (AMIRA AHMAD MARABOUNI)

317. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

318. AMIRA AHMAD MARABOUNI made a false statement(s) to LARA concerning a material fact(s).

319. AMIRA AHMAD MARABOUNI had knowledge that the representation(s) is false.

320. AMIRA AHMAD MARABOUNI intended that the representation induced LARA to act on it.

321. Consequentially, LARA has been injured in acting in reliance on AMIRA AHMAD MARABOUNI's representation(s).

WHEREFORE, undersigned counsel demands judgment against AMIRA AHMAD MARABOUNI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT III – FORGERY
### (AMIRA AHMAD MARABOUNI)

322.  Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

323.  Defendant, AMIRA AHMAD MARABOUNI participated in the making of a writing that falsely purports to be the writing of another.

324.  Defendant, AMIRA AHMAD MARABOUNI participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

325.  As a result of the writing prepared by AMIRA AHMAD MARABOUNI, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against AMIRA AHMAD MARABOUNI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT IV – CONSPIRACY
### (AMIRA AHMAD MARABOUNI)

326.  Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

327.  AMIRA AHMAD MARABOUNI entered into an agreement, which consisted of an agreement between two or more people.

328.  The agreement entered into by AMIRA AHMAD MARABOUNI involved doing an unlawful act or to do a lawful act by unlawful means.

329.  AMIRA AHMAD MARABOUNI engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

330.  As a result of the acts done by AMIRA AHMAD MARABOUNI under the conspiracy, LARA has been damaged.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ► www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

WHEREFORE, undersigned counsel demands judgment against AMIRA AHMAD MARABOUNI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (AMIRA AHMAD MARABOUNI)

331. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

332. LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

333. Defendant, AMIRA AHMAD MARABOUNI has deprived LARA of the assets she is entitled to.

334. LARA has made demands upon Defendant, AMIRA AHMAD MARABOUNI to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against AMIRA AHMAD MARABOUNI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (AMIRA AHMAD MARABOUNI)

335. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

336. A trust must be constructed in equity due to AMIRA AHMAD MARABOUNI's abuse of a confidential relationship with GEORGE.

337. A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

338. However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

339.    AMIRA AHMAD MARABOUNI had a confidential relationship with GEORGE.

340.    AMIRA AHMAD MARABOUNI has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against AMIRA AHMAD MARABOUNI plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT I - FRAUDULENT MISREPRESENTATION
### (SALIM JREISSATI)

341.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

342.    SALIM JREISSATI made a false representation concerning a material fact.

343.    SALIM JREISSATI had knowledge regarding the representations being made to LARA were false.

344.    SALIM JREISSATI intended for LARA to rely on SALIM JREISSATI's misrepresentations.

345.    LARA relied upon SALIM JREISSATI's false representation to her detriment.

346.    SALIM JREISSATI's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon SALIM JREISSATI's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against SALIM JREISSATI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT II – FRAUD
### (SALIM JREISSATI)

347.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

348.    SALIM JREISSATI made a false statement(s) to LARA concerning a material fact(s).

349.    SALIM JREISSATI had knowledge that the representation(s) is false.

350.   SALIM JREISSATI intended that the representation induced LARA to act on it.

351.   Consequentially, LARA has been injured in acting in reliance on SALIM JREISSATI's representation(s).

WHEREFORE, undersigned counsel demands judgment against SALIM JREISSATI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (SALIM JREISSATI)

352.   Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

353.   Defendant, SALIM JREISSATI participated in the making of a writing that falsely purports to be the writing of another.

354.   Defendant, SALIM JREISSATI participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LAA.

355.   As a result of the writing prepared by SALIM JREISSATI, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against SALIM JREISSATI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (SALIM JREISSATI)

356.   Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

357.   SALIM JREISSATI entered into an agreement, which consisted of an agreement between two or more people.

358.   The agreement entered into by SALIM JREISSATI involved doing an unlawful act or to do a lawful act by unlawful means.

359.   SALIM JREISSATI engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

360.    As a result of the acts done by SALIM JREISSATI under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against SALIM JREISSATI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (SALIM JREISSATI)

361.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

362.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

363.    Defendant, SALIM JREISSATI has deprived LARA of the assets she is entitled to.

364.    LARA has made demands upon Defendant, SALIM JREISSATI to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against SALIM JREISSATI, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (SALIM JREISSATI)

365.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

366.    A trust must be constructed in equity due to SALIM JREISSATI's abuse of a confidential relationship with GEORGE.

367.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

368.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

369.    SALIM JREISSATI had a confidential relationship with GEORGE.

370.    SALIM JREISSATI has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against SALIM JREISSATI plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (ZIAD MEKANNA)

371.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

372.    ZIAD MEKANNA made a false representation concerning a material fact.

373.    ZIAD MEKANNA had knowledge regarding the representations being made to LARA were false.

374.    ZIAD MEKANNA intended for LARA to rely on ZIAD MEKANNA's misrepresentations.

375.    LARA relied upon ZIAD MEKANNA's false representation to her detriment.

376.    ZIAD MEKANNA misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon ZIAD MEKANNA's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against ZIAD MEKANNA, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (ZIAD MEKANNA)

377.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

378.    ZIAD MEKANNA made a false statement(s) to LARA concerning a material fact(s).

379.    ZIAD MEKANNA had knowledge that the representation(s) is false.

380.    ZIAD MEKANNA intended that the representation induced LARA to act on it.

381. Consequentially, LARA has been injured in acting in reliance on ZIAD MEKANNA's representation(s).

WHEREFORE, undersigned counsel demands judgment against ZIAD MEKANNA, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (ZIAD MEKANNA)

382. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

383. Defendant, ZIAD MEKANNA participated in the making of a writing that falsely purports to be the writing of another.

384. Defendant, ZIAD MEKANNA participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

385. As a result of the writing prepared by ZIAD MEKANNA, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ZIAD MEKANNA, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (ZIAD MEKANNA)

386. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

387. ZIAD MEKANNA entered into an agreement, which consisted of an agreement between two or more people.

388. The agreement entered into by ZIAD MEKANNA involved doing an unlawful act or to do a lawful act by unlawful means.

389. ZIAD MEKANNA engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

390.     As a result of the acts done by ZIAD MEKANNA under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ZIAD MEKANNA, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (ZIAD MEKANNA)

391.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

392.     LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

393.     Defendant, ZIAD MEKANNA has deprived LARA of the assets she is entitled to.

394.     LARA has made demands upon Defendant, ZIAD MEKANNA to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against ZIAD MEKANNA, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (ZIAD MEKANNA)

395.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

396.     A trust must be constructed in equity due to ZIAD MEKANNA's abuse of a confidential relationship with GEORGE.

397.     A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

398.     However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

399.     ZIAD MEKANNA had a confidential relationship with GEORGE.

400.    ZIAD MEKANNA has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against ZIAD MEKANNA plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (SAMIR HAMMOUD)

401.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

402.    SAMIR HAMMOUD made a false representation concerning a material fact.

403.    SAMIR HAMMOUD had knowledge regarding the representations being made to LARA were false.

404.    SAMIR HAMMOUD intended for LARA to rely on SAMIR HAMMOUD's misrepresentations.

405.    LARA relied upon SAMIR HAMMOUD's false representation to her detriment.

406.    SAMIR HAMMOUD misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon SAMIR HAMMOUD's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against SAMIR HAMMOUD, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (SAMIR HAMMOUD)

407.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

408.    SAMIR HAMMOUD made a false statement(s) to LARA concerning a material fact(s).

409.    SAMIR HAMMOUD had knowledge that the representation(s) is false.

410.    SAMIR HAMMOUD intended that the representation induced LARA to act on it.

411.    Consequentially, LARA has been injured in acting in reliance on SAMIR HAMMOUD's representation(s).

WHEREFORE, undersigned counsel demands judgment against SAMIR HAMMOUD, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (SAMIR HAMMOUD)

412.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

413.    Defendant, SAMIR HAMMOUD participated in the making of a writing that falsely purports to be the writing of another.

414.    Defendant, SAMIR HAMMOUD participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

415.    As a result of the writing prepared by SAMIR HAMMOUD, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against SAMIR HAMMOUD, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (SAMIR HAMMOUD)

416.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

417.    SAMIR HAMMOUD entered into an agreement, which consisted of an agreement between two or more people.

418.    The agreement entered into by SAMIR HAMMOUD involved doing an unlawful act or to do a lawful act by unlawful means.

419.    SAMIR HAMMOUD engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

420.    As a result of the acts done by SAMIR HAMMOUD under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against SAMIR HAMMOUD, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (SAMIR HAMMOUD)

421.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

422.    LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

423.    Defendant, SAMIR HAMMOUD has deprived LARA of the assets she is entitled to.

424.    LARA has made demands upon Defendant, SAMIR HAMMOUD to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against SAMIR HAMMOUD, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (SAMIR HAMMOUD)

425.    Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

426.    A trust must be constructed in equity due to SAMIR HAMMOUD's abuse of a confidential relationship with GEORGE.

427.    A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

428.    However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

429.    SAMIR HAMMOUD had a confidential relationship with GEORGE.

430.     SAMIR HAMMOUD has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against SAMIR HAMMOUD plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (ZIAD ABO HAIDAR)

431.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

432.     ZIAD ABO HAIDAR made a false representation concerning a material fact.

433.     ZIAD ABO HAIDAR had knowledge regarding the representations being made to LARA were false.

434.     ZIAD ABO HAIDAR intended for LARA to rely on ZIAD ABO HAIDAR's misrepresentations.

435.     LARA relied upon ZIAD ABO HAIDAR's false representation to her detriment.

436.     ZIAD ABO HAIDAR misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon ZIAD ABO HAIDAR's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against ZIAD ABO HAIDAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (ZIAD ABO HAIDAR)

437.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

438.     ZIAD ABO HAIDAR made a false statement(s) to LARA concerning a material fact(s).

439.     ZIAD ABO HAIDAR had knowledge that the representation(s) is false.

440.     ZIAD ABO HAIDAR intended that the representation induced LARA to act on it.

D A N I E L S   R O D R I G U E Z   B E R K E L E Y   D A N I E L S   C R U Z
4000 PONCE DE LEON BOULEVARD, SUITE 800, CORAL GABLES, FL 33146   ► www.drbdc-law.com

T : 3 0 5 . 4 4 8 . 7 9 8 8   F : 3 0 5 . 4 4 8 . 7 9 7 8   T O L L   F R E E :   8 8 8 . 4 4 8 . 7 9 8 8

441. Consequentially, LARA has been injured in acting in reliance on ZIAD ABO HAIDAR's representation(s).

WHEREFORE, undersigned counsel demands judgment against ZIAD ABO HAIDAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (ZIAD ABO HAIDAR)

442. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

443. Defendant, ZIAD ABO HAIDAR participated in the making of a writing that falsely purports to be the writing of another.

444. Defendant, ZIAD ABO HAIDAR participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LARA.

445. As a result of the writing prepared by ZIAD ABO HAIDAR, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ZIAD ABO HAIDAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (ZIAD ABO HAIDAR)

446. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

447. ZIAD ABO HAIDAR entered into an agreement, which consisted of an agreement between two or more people.

448. The agreement entered into by ZIAD ABO HAIDAR involved doing an unlawful act or to do a lawful act by unlawful means.

449. ZIAD ABO HAIDAR engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

450.     As a result of the acts done by ZIAD ABO HAIDAR under the conspiracy, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against ZIAD ABO HAIDAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT V – CONVERSION
### (ZIAD ABO HAIDAR)

451.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

452.     LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

453.     Defendant, ZIAD ABO HAIDAR has deprived LARA of the assets she is entitled to.

454.     LARA has made demands upon Defendant, ZIAD ABO HAIDAR to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against ZIAD ABO HAIDAR, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT VI – CONSTRUCTIVE TRUST
### (ZIAD ABO HAIDAR)

455.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

456.     A trust must be constructed in equity due to ZIAD ABO HAIDAR's abuse of a confidential relationship with GEORGE.

457.     A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

458.     However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

459.     ZIAD ABO HAIDAR had a confidential relationship with GEORGE.

460.     ZIAD ABO HAIDAR has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against ZIAD ABO HAIDAR plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT I - FRAUDULENT MISREPRESENTATION
### (PASCAL ANTOUN)

461.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

462.     PASCAL ANTOUN made a false representation concerning a material fact.

463.     PASCAL ANTOUN had knowledge regarding the representations being made to LARA were false.

464.     PASCAL ANTOUN intended for LARA to rely on PASCAL ANTOUN's misrepresentations.

465.     LARA relied upon PASCAL ANTOUN's false representation to her detriment.

466.     PASCAL ANTOUN's misrepresentation was a legal cause resulting in injury to, or damages suffered by LARA who relied upon PASCAL ANTOUN's misrepresentation.

WHEREFORE, undersigned counsel demands judgment against PASCAL ANTOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT II – FRAUD
### (PASCAL ANTOUN)

467.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

468.     PASCAL ANTOUN made a false statement(s) to LARA concerning a material fact(s).

469.     PASCAL ANTOUN had knowledge that the representation(s) is false.

470.     PASCAL ANTOUN intended that the representation induced LARA to act on it.

471.     Consequentially, LARA has been injured in acting in reliance on PASCAL ANTOUN's representation(s).

WHEREFORE, undersigned counsel demands judgment against PASCAL ANTOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III – FORGERY
### (PASCAL ANTOUN)

472.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

473.     Defendant, PASCAL ANTOUN participated in the making of a writing that falsely purports to be the writing of another.

474.     Defendant, PASCAL ANTOUN participated in the making of a writing that falsely purports to be the writing of another, with the intent to defraud LAA.

475.     As a result of the writing prepared by PASCAL ANTOUN, LARA has been damaged.

WHEREFORE, undersigned counsel demands judgment against PASCAL ANTOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## COUNT IV – CONSPIRACY
### (PASCAL ANTOUN)

476.     Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

477.     PASCAL ANTOUN entered into an agreement, which consisted of an agreement between two or more people.

478.     The agreement entered into by PASCAL ANTOUN involved doing an unlawful act or to do a lawful act by unlawful means.

479.     PASCAL ANTOUN engaged in an overt act in pursuance of the conspiracy, which includes an actionable underlying tort or wrong.

480.     As a result of the acts done by PASCAL ANTOUN under the conspiracy, LARA

has been damaged.

WHEREFORE, undersigned counsel demands judgment against PASCAL ANTOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT V – CONVERSION
**(PASCAL ANTOUN)**

481. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

482. LARA has a legal right to Twenty Five Percent (25%) of her father's estate, which includes substantial assets.

483. Defendant, PASCAL ANTOUN has deprived LARA of the assets she is entitled to.

484. LARA has made demands upon Defendant, PASCAL ANTOUN to return the stolen assets. However, these demands have gone unanswered.

WHEREFORE, undersigned counsel demands judgment against PASCAL ANTOUN, plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

### COUNT VI – CONSTRUCTIVE TRUST
**(PASCAL ANTOUN)**

485. Plaintiff incorporates Paragraphs 1 through 38 above, as if fully set forth herein.

486. A trust must be constructed in equity due to PASCAL ANTOUN's abuse of a confidential relationship with GEORGE.

487. A promise was made by GEORGE, through his will, which bequeathed Twenty Five Percent (25%) of his estate to LARA.

488. However, there was a transfer of GEORGE's property before and after he died, in reliance upon his will.

489. PASCAL ANTOUN had a confidential relationship with GEORGE.

490.    SALIM JREISSATI has been unjustly enriched due to the wrongful taking of LARA's Twenty Five Percent (25%) GEORGE's estate.

WHEREFORE, undersigned counsel demands judgment against PASCAL ANTOUN plus interest, cost, attorneys' fees and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, LARA GEORGE MANSOUR a/k/a LARA SAMAHA, demands trial by jury as to all issues so triable as a matter of right and equity.

Dated:   17th day of October, 2018.

Respectfully submitted,

DANIELS, RODRIGUEZ, BERKELEY,
DANIELS & CRUZ, P.A.
*Attorneys for Plaintiff*
4000 Ponce de Leon Boulevard, Suite 800
Coral Gables, Florida  33146
(305) 448-7988 Phone
(305) 448-7978 Fax

By:   */s/ Lorne E. Berkeley, Esq.*
    Lorne E. Berkeley, Esquire
    Florida Bar No.  146099
    lberkeley@drbdc-law.com
    vmunoz@drbdc-law.com
    Gregory L. Bianco, Esquire
    Fla. Bar No.: 95884
    gbianco@drbdc-law.com

p:\edsiss\docs\2508\9369\10s3622.docx