UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH A. DAOU and KAREN M. DAOU, : <br> Plaintiffs, : <br> vs. : <br> BLC BANK, S.A.L., CREDIT LIBANAIS, S.A.L., <br> AL-MAWARID BANK, S.A.L., and BANQUE DU : <br> LIBAN, <br> : <br> Defendants.   x | Case No. 1:20-cv-04438-DLC <br><br> **DECLARATION OF** <br> **ALINE EL KHOURY** |

I, Aline Michel El Khoury, further to my previous Declaration dated January 8, 2021, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

**The Deposit regulations.**

1. The deposit is a contract whereby the depositary receives from the depositor a movable item and is obligated to preserve and return back, according to article 690 of the Code of Obligations and Contracts (Annex 1).

2. The depositary must return the deposit to the depositor. He must return the same item as the one he received, with what he earned from its natural and civil returns, according to Articles 710, 711 and 712 of the Code of Obligations and Contracts. In case the deposit is related to money, the depositary should return the same amount in the same currency in addition to the interest (Annex 1).

3. The depositary is responsible for the cause of any loss or defect that he could have been able to prevent, in case he is receiving fees to guard the deposit and in case he

1

accepts deposits by virtue of his duties or profession, according to article 713 of the Code of Obligations and Contracts (Annex 1).

4. It was decided in this respect that the Banker by the nature of his work and by virtue of his profession accepts deposits, which is considered as the bases of its daily operations, thus the Banker shall be considered responsible for the cause of any loss or defect that he could have been able to prevent. (Court of Appeal of Beirut decision dated 15/3/1988, El Adl 1988 page 28) (Annex 2).

5. Therefore, the bank has the obligation to return the deposited money to the depositor for the same deposited amount and currency, otherwise it shall be considered responsible for any loss of the deposits.

**The consensual agreement.**

6. Article 171 of the Code of Obligations and Contracts stipulates the following:

"The agreements are consensual when their formation is not subject to any particular external condition and the consent of the parties can be expressed freely in any form.
If it was required by law that the consent be given according to a particular form as the execution of an authentic act, the agreement shall be solemn. In principle, agreements are formed by the voluntary consent of the parties and it is not necessary to declare it in any official form except by virtue of a law text requiring that." (Annex 1)

7. Consequently, the consent of the parties is enough to form the agreement, without any consideration to the form of expressing this consent, which can be express or implied, written or oral. Moreover, in the case where one of the parties promises something to another party, the agreement is formed at the moment the other party expresses his consent orally or in writing.

8. The difference between the written agreement and the oral one resides in the evidence methods. To prove a written agreement, we shall provide the original copy, and to prove the contrary of its content we have to provide a written proof. On the other hand, the oral agreement can be proven by all means, any written document related to such agreement is considered as a commencement of a proof in writing.

**The deposit of a check.**

9. Esq. Fadi Moghaizel stated in paragraph 73 of his Declaration dated December 1st, 2020 the following:

> "Moreover, as under the CMC BDL cannot deal with individuals, the checks must necessarily be deposited with a bank in Lebanon having an account with BDL."

10. In this respect, I have clearly mentioned in my previous declaration dated December 18, 2020 paragraph 43 that the Lebanese law does not forbid the deposit of a check drawn by a Lebanese Bank at any foreign bank and that this operation is totally accepted and legal. There is no legal ground for the abovementioned statement of Esq. Fadi Moghaizel since BDL has the right to open money deposit accounts for other banks residing in Lebanon and for foreign banks; moreover, dealing with foreign banks is a usual operation for BDL since the law does not forbid the deposit of check at any foreign Bank.

11. As per the place of payment of the check, I have also clearly mentioned in my previous Declaration paragraph 45 that the place where the payment is to be effected shown on the check does not refrain the payee from depositing the check in any other bank in Lebanon or abroad, since the check is equivalent to the payment in cash.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 08, 2021

Beirut, Lebanon

Aline El Khoury